## TOM HOLLAND v. THE STATE.

### No. 3700. Decided March 6, 1907.

**1.—Local Option—Order of Election—Evidence—Preceding Election.**

Where upon trial for a violation of the local option law, the State introduced a complete record showing a legal and valid election in 1903 and the result thereof in favor of local option; and defendant in order to defeat this election offered enough of the proceeding of the election of 1902 in the said county, to show that there had been an election, but did not present a valid reason against the legality of the election in 1903 on which the State relied, it will be presumed that the former election was nugatory and there was no error in excluding the proceedings with reference thereto.

**2.—Same—Commissioners Court—County Judge—Selecting Newspaper—Publication.**

Where upon trial for a violation of the local option law, the commissioners court ordered that a copy of the order enforcing local option be published in a certain newspaper, and the county judge certified that said order was published in said newspaper for four successive weeks, it will be presumed that the county judge selected such newspaper, although there are no apt words in the order directly stating that he did make such selection; a publication is tantamount to a selection, in the absence of a contrary showing.

Appeal from the County Court of Hunt. Tried below before the Hon. F. M. Newton.

Appal from a conviction for a violation of the local option law; penalty, a fine of $25, and twenty days confinement in the county jail.

The opinion states the case.

*Crawford & Lamar* and *Yates & Carpenter,* for appellant.—On question of selecting newspaper: Carnes v. State, 17 Texas Ct. Rep., 726. On question of presumption: Pennington v. Yell, 11 Ark., 212; 1 Elliott on Evidence, sec. 100, page 128; U. S. v. Carr, 132 U. S., 644. On legality of local option election: Prather v. State, 12 Texas Crim. App., 401; Donaldson v. State, 15 Texas Crim. App., 25; Drechsel v. State, 35 Texas Crim. Rep., 577.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of violating the local option law; and prosecutes this appeal.

Several bills of exception show appellant objected to the order declaring the result of the election of the 18th of July, 1903, and the

proceedings leading up to same on the ground that there had been a previous election on the subject of local option in said county of Hunt on the 3rd of May, 1902, less than two years preceding the election of 1903 introduced by the State. To support this contention there was presented to the court certain proceedings in connection with the local option election in said county on the 3rd of May, 1902. These various .orders showed an application for the election signed by the requisite number of legal voters, the order for the election and the. certificates of the county judge of Hunt County showing that the order declaring the result of the local option election held in Hunt County, Texas, on the 3rd of May, 1902, had been legally published, the date of the last publication being August 21, 1902. All the proceedings connected with the election of 1902 were excluded by the court on objection of the State on the ground that same were irrelevant and immaterial; that the result of the two elections was the same, both being in favor of local option; that the orders and proceedings introduced or offered by appellant in connection with the election of 1902, did not show the result of the local option election held in Hunt County on May 3, 1902, all of which appellant excepted to, and excepted to the action of the court in holding the election of 1903 a legal and valid election. Of course, if there were two valid elections in Hunt County, both resulting in favor of local option, local option would certainly be in force in said county, and the action of the court would be immaterial. The State offered a complete record showing a legal and valid election in 1903, and the result thereof in favor of local option. Appellant, in order to defeat this election, did not offer the full proceedings of the election of 1902, but offered enough to show that there had been an election, and he maintains that these proceedings did not show that the election resulted in favor of local option. We take it that the burden was on appellant to present to the court a sufficient and valid reason against the legality of the election of 1903, on which the State relied, and it seems that in order to have done this he should have shown the election resulted against prohibition. If he showed on the contrary, the proceedings so far introduced tended to show a valid election in favor of prohibition in 1902, of course, in such case, we think it would be immaterial. We would further state, in order to support the validity of the last election on which the State relied, in the absence of a complete record tending to show a former and valid election, that it will be presumed that something transpired to render the former election nugatory. We accordingly hold that the court did not err in excluding these proceedings.

Appellant insists that the result of the last election was never legally declared, because he says it shows the commissioners court selected the newspaper in which the result of the election was published and not the county judge. The proceedings in this respect, appear in this-wise: The commissioners court, the county judge presiding, counted the vote and declared the result of the election, showing a majority in favor

of prohibition of 1645, and then the order proceeds as follows: "Therefore it is ordered and decreed by the court that the sale of intoxicating liquors be and the same hereby are absolutely prohibited within the limits of said Hunt County, Texas," etc. "It is further ordered that a copy of this order be published in the Greenville Banner, a weekly newspaper published at Greenville, Texas, for four successive weeks." Then as follows: "I, F. M. Newton, County Judge in and for Hunt County, Texas, do hereby certify that the above and foregoing order or proclamation declaring the result of the local option election in Hunt County, Texas, on the 18th day of July, 1903, was published in the Greenville Banner, a weekly newspaper published in Hunt County, Texas, for four successive weeks, to wit: in the weekly issues of said newspaper for August 5th, August 12th, August 19th, and August 26th, 1903. Witness my hand this 2nd day of September, 1903." On the face of this order, appellant's contention is that it affirmatively appears that the newspaper was selected by the commissioners court and not by the county judge, and that, therefore, under the Hode Carnes case, 17 Texas Ct. Rep., 526, the evidence failed to show a proper publication putting in force the local option election in Hunt County. In Covington v. State, No. 3863, decided at a former day of this term, it was held that although the commissioners court might make the order naming the paper in which publication was to occur, if the certificate of the county judge further showed that this same paper was selected by the county judge, that it was immaterial that the commissioners court may have named the same paper in which the result should be published; but here we have a different proposition. We are now asked to presume in the absence of evidence to the contrary that a newspaper nominated by the commissioners court was selected by the county judge, from the fact that the county judge caused publication of the order to be made therein. The general principle with reference to presumptions of this character is that it will be presumed in favor of judicial acts, that the "maximum omnia præsumuntur rite esse acta" applies; that is, there is a disposition in courts of justice to uphold official, and judicial acts rather than to render them inoperative; and with this view, where there is general evidence of acts having been legally and regularly done, to dispense with proof of circumstances, strictly speaking essential to the validity of those acts, and by which they were probably accompanied. See 2 Best on Evidence, p. 629, sec. 353, etc. In accordance with this rule we hold that it will be presumed in favor of the certificate by the county judge showing that publication was made in a certain paper that he selected same, although there are no apt words in the order directly stating that he did make the selection. The fact that he made publication in a certain named paper is tantamount to a selection, in the absence of some showing to the contrary; and the naming of the paper by the commissioners court does not antagonize or destroy this presumption. We accordingly hold that the court did not err in overruling

this exception of appellant to the introduction of the order, and thereby holding in effect that the order of publication of the result ·was made in a newspaper selected by the county judge.

There being no errors in the record, and the facts being sufficient to support the verdict, the judgment is affirmed.

*Affirmed.*