ARTHUR TAYLOR V. THE STATE.

No. 21924. Delivered February 11, 1942.

The opinion states the case.

*W. L. Wray*, of Hillsboro, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor law of Hill County, and his punishment assessed at a fine of $150.00.

There is no statement of facts in the record, but there does appear therein two bills of exceptions.

It is shown in bill No. 1 that there was introduced in evidence the order of the commissioners' court of the date of June 25, 1902, canvassing the returns of an election held on the 14th day of June, 1902, relative to the sale of intoxicating liquor in Hill County. The majority vote being found to be in favor of the prohibition of the sale of intoxicating liquor, the said court on the last named date made and entered its order prohibiting such sale. In the same order it appears that the then county judge, L. C. Hill, of such county selected the Hill County Record of Hillsboro, in said county, as the newspaper in which such order was to be published. There also appears on the margin of the minutes of said commissioners' court a notation as follows:

"I, L. C. Hill, County Judge of Hill County, Texas, certify that I have caused this order prohibiting the sale of intoxicating liquors in Hill County, Texas, to be published according to law in the Hillsboro Mirror a newspaper published in Hillsboro, Hill County, Texas, for four successive weeks as follows: January 14th, 1903, January 21st, 1903, January 28th, 1903, and February 4th, 1903.

"Witness my hand this the 12th day of February, A. D. 1903.
    "L. C. Hill, Co. Judge, Hill Co., Texas."

It will be observed that the first selection of the Hill County

Record was made on June 25, 1902, and that the publication thereof in the Hillsboro Mirror was not had for nearly six months thereafter, or beginning on January 14, 1903. Evidently between these two dates there was some reason intervening why such publication was delayed. It could have been a contest or some other matter upon which we are not enlightened, but whatever it was, it would seem to be sufficient to have held in abeyance or delayed such publication. It being evident that the original selection was delayed, we then find ourselves presented with the entry of February 12, 1903, which, regardless of its marginal position, we hold to be a proper portion of the commissioners' court minutes, it being found there in Vol. E, page 276.

We hold that: "It will be presumed in favor of the certificate of the county judge showing that publication was made in a certain paper of the result of a local option election that he selected such paper. Holland v. State, 51 Texas Crim. Rep. 149, 101 S. W. 1002; Johnson v. State, 52 Texas Crim. Rep. 625, 108 S. W. 683." Branch's Criminal Law, Sec. 551, p. 360.

We think the entry of the county judge speaks for itself, and shows a proper publication of such court's order.

Bill of exceptions No. 2 complains of the introduction of certain testimony showing that appellant was charged with certain criminal offenses of like character to this present case. The trial court in his qualification to said bill states that in appellant's direct examination, while upon the stand in his own behalf, he testified that he was under indictment for such charges and had already been convicted in one of the cases. We are unable to see any error evidenced in such bill.

The judgment will therefore be affirmed.