## JAMES EZZELL V. THE STATE.

*No. 7289.   Decided May 27.*

1.   **Bill of Exception—Statement of Facts.**—When a bill of exception contradicts the statement of facts as to a specific fact, the bill will be held to control, and to state the fact or matter mentioned correctly.

2.   **Same.**—The judge's authentication of a bill of exception does not establish the validity of its grounds.   It merely certifies that the bill was presented to him, and his disposition of it.   See the opinion for an illustration of this rule.

3.   **Local Option—Repeal of Law.**—Article 378c of the Penal Code provides that "when the sale of intoxicating liquor has been prohibited in any county, justice precinct, city or town, the repeal of such prohibition shall not exempt from punishment any person who may have offended against any of the provisions of the law while it was in force."   This provision changed the law as it existed at the time of its enactment, as under the law then in force a repeal of the law also repealed the penalty, and a violation of the repealed law could not be punished.   As the law now is, the repeal of the law does not affect a prosecution for its violation, but the offender may be punished for such violation as though the law were still in force.

4.   **Same—Constitutional Law.**—The above quoted provision of the statute is not in violation of section 20, article 16 of the Constitution.   It was not only within the power, but was the duty of the Legislature to enact such laws and make them effective.   The authority to enact the law carried with it the power to provide adequate penalties for violations of it.

5.   **Same—Publication of Result of Election.**—The law provides two modes of publishing the result of a local option election.   1. By publication in a newspaper to be selected by the county judge.   2. By posting copies of the order declaring the result at three public places within the prescribed limits, should there be no newspaper published in the county.

6.   **Same — Proof of Publication.** — The fact of the publication of the result in either mode shall be entered by the county judge on the minutes of the Commissioners Court; and the entry thus made, or a certified copy thereof under the hand and seal of the clerk of the County Court, shall be held sufficient *prima facie* evidence of such fact of publication.   The failure of the county judge to make such entry would not invalidate the election, and the State could prove the publication by any other legitimate evidence than a certified copy of such entry.

7.   **Same — Petition.** — Under the law as it now is the Commissioners Court may order a local option election without a petition asking therefor.   When an order has

been made and entered ordering a local option election, and the election has been held thereunder, such order is conclusive, and the courts will not go behind it.

8. Same—Evidence.—A legal election upon local option in 1888 necessarily vacated and annulled an election held thereon in 1886, and evidence relating to the election held in 1886 should have been rejected, this being a prosecution for a violation of the law of 1888.

9. Demurrer to Evidence.—See the opinion for a demurrer to evidence *held* to have been properly overruled.

10. Charge of Court—Punishment.—It was not error to instruct the jury, in case they found the defendant guilty, to assess the punishment prescribed by the law in force at the time the offense was committed, informing them of such punishment.

11. Same—On the Weight of Evidence.—It was error to instruct the jury that local option was in force at the time of the alleged commission. This instruction assumed as true facts that were disputed, and invaded the province of the jury.

APPEAL from the County Court of Wilson. Tried below before Hon. A. D. Evans, County Judge.

The opinion states the case.

*A. J. Williams*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—On April 10, 1891, appellant was convicted for violation of the local option law. His offense occurred in December, 1890. On March 10, 1891, by a vote of the people the local option law was abolished throughout the entire county. From an inspection of the record it is made to appear that in September, 1886, the people of Wilson County adopted local option, and that it was recognized as being in force until after the act of 1887 became the law. On December, 1888, another election was held in said county, and the vote was again favorable to the law. This election was held under the provisions of the act of the Legislature passed at its session of 1887, and remained in force until March 10, 1891.

The records, orders, and publication of results were offered in evidence by the State and objected to by appellant. These objections were very promptly overruled and the matters were all admitted in evidence. It was objected that the order of the Commissioners Court ordering an election to be held in December, 1888, was invalid, because the petition presented to said court did not have thereto signed the names of two hundred voters.

The record is somewhat confused as to whether the records with reference to the election of 1888 were or were not considered by the jury. The statement of facts recites that they were withdrawn from the jury, while the bills of exception show to the contrary. For instance, one of the bills of exception shows that objections to the evidence of the records of 1888 and 1886 was presented to and overruled by the court and the

testimony admitted to the jury, whereas the statement of facts recites that the said evidence was stricken out.

It is insisted by the appellant that the statement of facts should control and that this court should regard the evidence as being stricken out. We find the said evidence all in the record, and the bills of exception prepared by appellant reciting that the said testimony was permitted to go to the jury and his demurrer thereto overruled. The court charged the jury also that the law was in force, and a bill of exception was reserved to this action of the court.

When bills of exception contradict the record as to a specific fact the bills will be held to control and to state the fact or matter mentioned correctly. Gaines v. Salmon, 16 Texas, 311; Smith v. The State, 4 Texas Ct. App., 626; Harris v. The State, 1 Texas Ct. App., 74. This being correct we must hold that the testimony with reference to the adoption of the local option law in 1888 was admitted in evidence to the jury and was considered by them. This is strengthened by the further fact that the law of 1887 with reference to the punishment was charged to the jury by the court, and that defendant is urging error as having been committed in admitting all of said evidence.

Appellant in his first bill of exceptions excepted to the introduction "of all orders declaring prohibition in Wilson County," because by the election of March 10, 1891, all of said former laws were repealed, and being repealed there were no penalties for a violation of said laws. His exceptions were overruled and the evidence admitted. Article 378c of the Penal Code (act of 1887) reads as follows: "When the sale of intoxicating liquor has been prohibited in any county, justice precinct, city, or town, the repeal of such prohibition shall not exempt from punishment any person who may have offended against any of the provisions of the law while it was in force, and the fact that a person purchases intoxicating liquor from any one who sells it in violation of the provisions of this chapter shall not constitute such person an accomplice." The conviction of appellant occurred after the election of March 10, 1891, had taken place, at which time local option ceased to operate in Wilson County as a law. The reason assigned why said conviction could not occur is stated to be that section 20, article 16 of the Constitution does not delegate to the Legislature power to continue the penalty in force after the law has been repealed by vote of the people. The position assumed is not a sound one. The Legislature is not only empowered to pass such laws, but it is obligatory upon said body to pass same and make them effective. It is not a question of delegated power, but is a command to that body to enact laws for the purpose and object stated in said provision of the Constitution. The authority to create the law carries with it the power to provide adequate penalties to punish violations thereof when the laws have been put into operation. This was one of the changes made by the act of 1887. Prior

to this statute the position that a party could not be punished after the law had become extinct was a sound one, but not so now.

J. W. Dickey, editor of the Floresville Chronicle, was permitted to testify that the order declaring the result of the election on prohibition for the year 1888 was duly and legally published—that is, as the law requires—and this was objected to because it was not the mode prescribed by law for making such proof, and if admitted at all would be secondary proof, etc. The law provides two modes of publishing the result of prohibition—one in a paper to be selected by the county judge for that purpose, and the other by posting copies of said order at three public places within the prescribed limits, should there be no newspaper published in the county. "The fact of publication in either mode shall be entered by the county judge on the minutes of the Commissioners Court; and entry thus made, or a copy thereof certified under the hand and seal of the clerk of the County Court, shall be held sufficient *prima facie* evidence of such fact of publication." Act of 1887, p. 97, art. 3234.

The proof of such entry would be sufficient *prima facie* to show that this phase of the law was complied with. But a failure or refusal of the judge to make such entry would not render such election void. The State could prove it by any other legitimate proof. In the absence of such proof it would devolve upon the State to prove the fact of the necessary publication by other and the best evidence attainable. The testimony of the witness was admissible and not subject to the exceptions thereto. He testified that the order was published four weeks in the said paper.

The record and proceedings which resulted in carrying prohibition into effect in 1886 were admitted also. To this it was objected that notice of the election was not given as required by law. To this it is replied that that objection is not verified by the bill, and it is only urged as an exception that such was the fact. The bill is too indefinite to be considered, but if considered the validity of the ground of exception is not verified by the bill of exceptions. The judge's signature to or authentication of the bill does not establish the validity of its grounds of exceptions. It merely certifies that the bill was presented to him and his disposition of it. Hennessey v. The State, 23 Texas Ct. App., 340; Smith v. The State, 4 Texas Ct. App., 626.

Appellant presented a demurrer under oath to the sufficiency of the evidence to authorize the conviction, and this was overruled. In this the court did not err. The facts proven were amply sufficient on demurrer. The demurrer was based on the exclusion of the evidence of the result of the election of 1888, and the further ground that the evidence of the adoption of local option for the year 1886, if subsequently repealed, was not sufficient to authorize the conviction. The adoption of the law in 1886 could not form the basis for the conviction.

Appellant in his brief urges that the petition to the Commissioners. Court that brought about the election of 1888 was not a sufficient predicate for ordering said election, because he proved that one or more of the signers thereof were not legal voters. Under the act of 1887 this constitutes no ground for vacating the election. The Commissioners Court has the power, independent of any petition, to order such election. The filing and presentation of the petition would not affect the question. (Act 1887, Rev. Stat. 3227, as amended.) Upon the presentation of the petition provided for by amended article 3227 of the Revised Statutes it becomes obligatory upon the Commissioners Court to order the election for local option. That the petition is not such as is required by the statute will not affect the election ordered by the court in so far as that question is concerned. The court has the authority to órder the election independent of petitions, and when the order has been made and entered, and the election held thereunder, the courts will not go behind that order. Under the law as it was formerly the petition was necessary and a prerequisite to the order of election, but such is not now the law. The grounds of objection urged to the admission of the records and proceedings incident to the election of 1888 were not well taken. If the election was valid and legal it would follow that the court erred in not excluding the evidence of the former election of 1886. The legal adoption of local option in 1888 would necessarily vacate and annul the election of 1886. It is considered an axiomatic truth that two bodies can not occupy the same space at the same time. The election of 1886 having become supplanted by the election and adoption of local option in 1888, was therefore repealed by the latter election. The court should have excluded the evidence with reference to said election of 1886. We would not have reversed the case for this error alone, because it could not have affected the result in so far as the verdict was concerned.

The court charged the jury the punishment as enacted by the Legislature at its twentieth session, pp. 70, 71. This was excepted to by the appellant. In this there was no errqr. This was the punishment in force at the time the defendant is alleged to have committed his offense and was the only punishment prescribed by law.

By the act of 1887 the Legislature had substituted the punishment charged by the court in lieu of the punishment prescribed by the former law, and subsequent to said substitution the amended law had been voted into operation by the proper legal means in Wilson County at an election held for that purpose.

The court charged the jury "that local option was in force in the county of Wilson at the time it is alleged in the information that the offense was committed." To this charge appellant excepted and reserved a bill thereto. Under the facts of this case this charge should

not have been given. It was assuming as true facts that were disputed and held not to be proved as contended by appellant. For this error the judgment must be reversed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.