LENA BEATY V. THE STATE.

*No. 3422.   Decided March 2.*

</div>

1. **Assault with Intent to Murder—Charge of Court—Degree of Force.—** Where upon a trial for assault with intent to murder the evidence showed that during a wordy altercation between the parties the hands of one of the parties were seen to suddenly make a peculiar motion, whereupon the defendant immediately exclaimed, "G—d damn you, you have thrown snuff in my eyes!" and the other party started to run, but fell, and defendant rushed upon and stabbed or cut her with a razor, *held*, that a charge of the court upon this state of facts was misleading which instructed the jury that "if they should find that Bell Williams did in fact throw snuff or other substance in the defendant's eyes, causing her pain and suffering, and that she then abandoned such assault and offered no other violence to the person of the defendant, and that defendant then rushed upon said Bell Williams and stabbed her with a knife or cut her with a razor, with intent to murder her, and that such stabbing or cutting was more force than was necessary to be used in defending herself, and that defendant voluntarily renewed the difficulty with the intent to take the life of said Bell Williams, you will find her guilty as charged in the indictment, and assess the proper punishment."

2. **Manslaughter—Force and Degree of Force Not Applicable.—**Inasmuch as manslaughter is voluntary homicide, the question of force or degree of force in its perpetration does not enter into and can not become a component element of the crime. Force and comparative force are applicable to defensive, and not to acts which are solely offensive.

3. **Abandonment.—**See a state of facts in which the court erred in charging upon an abandonment of the difficulty, and also failed to submit a proper charge upon the law of manslaughter and aggravated assault.

APPEAL from the District Court of Nueces. Tried below before Hon. J. C. Russell.

Appellant was indicted for assault with intent to murder, and her punishment assessed at two years confinement in the penitentiary. The facts are sufficiently stated in the opinion.

*Wells, Stayton & Kleberg*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This is an appeal from a conviction of assault with intent to murder one Bell Williams.

In substance, the main features of the testimony are about as follows, to-wit: These parties had been in attendance upon church, and as the congregation was dispersing, Bell Williams, her mother, and sister were going out of the church, and as Bell passed where the defendant was sitting she spoke to her in an undertone, calling her a "slut." Defendant followed the parties out, and after they had got a short distance from the church she called to Bell Williams by name, and asked her to stop. She then asked her why she had called her a "slut." Bell replied she had a right to do so, because she had found her in bed with her (Bell's) husband. Defendant replied, "If I am a slut, you are a bitch;" and then parties present saw some movement of Bell's hands, and appellant exclaimed, "G—d damn you, you have thrown snuff in my eyes." After throwing the snuff, Bell Williams started to run, but fell; whereupon defendant rushed upon and commenced cutting her with a knife or razor, when she was pulled off. After they were separated it was found that Bell Williams was dangerously cut in the thigh with a knife or razor, the wound being a serious one and quite deep.

Upon this state of facts the learned trial judge, among other matters, charged the jury as follows in the seventh paragraph of his charge: "Again, if the jury shall find that said Bell Williams did in fact throw snuff or other substance in the defendant's eyes, causing her pain and suffering, and that she then abandoned such assault, and offered no other violence to the person of the defendant, and that defendant then rushed upon said Bell Williams, and stabbed her with a knife or cut her with a razor with intent to murder her, and that such stabbing or cutting was more force than was necessary to be used in defending herself, and that defendant voluntarily renewed the difficulty, and did said cutting with the intent to take the life of said Bell Williams, you will find her guilty as charged in the indictment, and assess the proper punishment." This charge is erroneous, is vague, indefinite, uncertain, and calculated to mislead and confuse the jury upon the facts stated.

In so far as the defendant's rights are concerned, the questions of force, degree of force, and comparative force do not constitute an ele-

ment in determining whether the crime is manslaughter or not. Manslaughter is voluntary homicide, committed under the immediate influence of sudden passion arising from an adequate cause. It is a voluntary, intentional killing, and if the party shot deceased to death with a cannon when he could have killed him as well with a pocket knife, the fact that he used more force than was necessary could not enter into the composition of the offense at all. The jury in this instance might very well have concluded, under the charge, that because she used more force than was perhaps necessary to effect her purpose, defendant was guilty of an assault with intent to murder; whereas, if the killing had occurred under the circumstances stated, it would have been manslaughter, and death not having ensued, the defendant would only have been guilty of aggravated assault.

Force and comparative force are applicable solely to defensive and not offensive acts. Where self-defense is the issue, it is a legitimate question whether the party has exceeded the bounds of defense or not, and the question of excessive force would be a very proper one to be submitted to the jury; but it is out of place, and tends only to confuse, where it is attempted to be applied to manslaughter.

Another defect in the charge of the court is, that the defendant's guilt is made to hinge upon the abandonment by the injured party of the difficulty, her flight, and the pursuit by the defendant, with a renewal of the difficulty by the latter. If the injured party threw snuff in the eyes of the defendant, which caused her pain, and either from the pain or anger, rage or sudden resentment caused by this act of the injured female, the defendant pursued her, and she fled, but, still incited by the passion that had been thus engendered, defendant overtook and stabbed her with a knife, or cut her with a razor, with intent to kill her, her offense would have been manslaughter had death ensued, and not having killed her, as in this instance, her crime would have been no higher offense than aggravated assault. This theory of the case presented by the evidence was not submitted by the charge of the court to the jury, and because of the error in the charge as pointed out, and the omission to charge as above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Hurt, J., absent.