## BOB JONES *v.* THE STATE.

No. 1492.    Decided January 19, 1898.

**1. Local Option Election—Publication of Order Declaring the Result.**

It is essential to the validity and legal operation of local option that the order of the commissioners court, declaring the result of the election, should have been published in one of the modes and for the length of time provided by article 3391, Revised Statutes; and it is also essential that such fact of publication be proved on a trial for violation of local option; and the burden to do so is upon the State.

**2. Same—Publication, How Proved.**

Where the fact of publication of the order declaring the result has been entered of record upon the minutes of the commissioners court, a certified copy of the same is prima facie evidence of publication. Or the fact may be proved by the newspapers containing the publication.

**3. Parol Evidence of Lost Publication—Charge of Court.**

On a trial for violation of local option, where the State proved by the parol testimony of the publisher of the newspaper and the county judge the fact of the publication, but that the published orders were lost; Held, error for the court to assume and charge the jury that local option was in force and effect in the particular territory. Under the facts above stated, it was the province of the jury alone to determine the fact of the publication of the order declaring the result of the election.

APPEAL from the County Court of Collin. Tried below before Hon. M. G. ABERNATHY, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days imprisonment in the county jail.

No statement necessary.

*Abernathy & Beverly,* for appellant.

*T. S. Mangum,* County Attorney, and *Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail; hence this appeal.

Article 3391, Revised Statutes 1895, provides: "The order of court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. If there be no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time," etc. It is clear from this provision that, until the order has been published the length of time required, that prohibition can not take effect in the county, precinct, etc. It is absolutely necessary, therefore, that the publication of this order in one of the modes prescribed by this article should be proved upon the trial of any person accused of violating the local option law. Said article further provides: "The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners court. And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court, shall be held sufficient prima facie evidence of such fact of publication." Art. 3391, supra. In the case before us no such entry was introduced in evidence. The State, however, proposed to establish the fact of publication as required by law through the parol testimony of the witness John H. Bingham, who testified "that he published for four consecutive weeks an order of the Commissioners Court of Collin County in reference to local option in justice precinct No. 8; that he had the orders in court, which were published by him, and that they were lost, and after diligent search he can not find them." M. G. Abernathy testified that "he was county judge of Collin County, and remembered the copies of the paper testified to by the witness John H. Bingham, and these papers contained copy of the order of the commissioners court prohibiting the sale of intoxicating liquor in the justice precinct No. 8, Collin County.

The court charged the jury that local option was in force and effect on the 10th day of December, 1896, in Collin County, in justice precinct No. 8 of said county. Appellant excepted to this charge at the time, because it was the province of the jury to find this fact, and not the court. We are of opinion that the exception was well taken. The burden of proof was upon the State to establish the fact that this order had been published as required by law. A prima facie case could have been made by introducing in evidence the entry of the county judge above alluded to, that such order had been published as required by law; and, if this had been done, the burden would have been upon the appellant to establish the fact that the order had not been published as the law required. The State did not do this (and we are not aware whether there was such an entry or not), but failed to introduce this entry; and, as before stated, the burden of proof was upon the State to establish the fact that the order

had been published as required by law. The court's charge assumed the credibility of the witnesses, and that Abernathy was absolutely correct when he swore that the orders alluded to by Bingham were those required to be published by law. Bingham says he published some orders relating to local option in justice precinct No. 8, and that they were lost. Abernathy says that these orders were those required by the statute pertaining to this particular election. The charge assumes that neither Bingham nor Abernathy could be mistaken. We are of opinion that the contention of appellant is correct. If, however, the entry above alluded to had been introduced in evidence, and no testimony contesting its correctness, the court would have committed no error in assuming that local option was in force in precinct No. 8.

For the error above discussed, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*

[NOTE.—A motion for rehearing, filed by T. S. Mangum, county attorney of Collin County, was overruled without a written opinion.—Reporter.]