### BRUCE BEATY v. THE STATE.

#### No. 3739. Decided May 6, 1908.

**1.—Local Option—Evidence—Intoxicating Liquors.**

Where upon trial of a violation of the local option law the evidence showed that the State's witness thought or believed that the beverage he purchased from defendant was whisky, it was error not to permit the defendant on cross-examination of such witness to show whether said beverage was in fact whisky, or some concoction made to resemble it which was not intoxicating.

**2.—Same—Elections—Publication—Evidence.**

Where upon trial for a violation of the local option law, it appeared that the result of the election upon which the prosecution was based was duly published in a newspaper for four successive weeks as required by law, but the county judge failed to make an entry of such publication at the time, proof of such publication could be made by other testimony, and a failure to enter such order by the county judge did not invalidate said election; neither did a subsequent publication add to nor detract from the regularity of the proceedings putting the law into operation.

Appeal from the County Court of Mills. Tried below before the Hon. L. E. Patterson.

Appeal from a conviction of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Leonard Doughty,* for appellant.—The court is directed to paragraphs 1, 3, 4, 6, 10, 9, 12, 13, 14 and 15 of the motion for a new trial on pages 20, 21 and 22, as showing that prohibition of the sale of intoxicating liquor was not in effect in Mills County at the time alleged in the indictment, regardless of the law attempting to validate such election not contested within sixty days, etc. And special consideration of the points there raised is asked in the light of the cases heretofore decided in this court, such as McMillen v. State, 18 Texas Crim. App., 375; Nelson v. State, 75 S. W. Rep., 502; Matkins v. State, 58 S. W. Rep., 108; Casey v. State, 59 S. W. Rep. 884; Newbury v. State, 44 S. W. Rep., 843; Jones v. State, 38. Texas Crim. Rep., 533; Strickland v. State, 47 S. W. Rep., 720; Ezzell v. State, 29 Texas Crim. App., 521. On question of intoxicating qualities of beverages: Kemp v. State, 38 S. W. Rep., 987; Malone v. State, 51 S. W. Rep., 381; Drye v. State, 55 S. W. Rep., 65; Johnson v. State, 55 S. W. Rep., 818; Prinzel v. State, 35 Texas Crim. Rep., 274.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the local option law.

Forehand, testifying for the State, says he bought from appellant in a local option territory what he thought to be a bottle of whisky, and it is made reasonably to appear that he believed and thought he was buying whisky at the time made the purchase. On cross-examination his knowledge in respect to whisky and what it was, etc, was sought to be tested. The prosecution asked the witness if he knew whisky when he drank it. The witness stated he reckoned he did. Objection was urged to this on the ground that it was immaterial and irrelevant, and but a mere supposition on his part, and an opinion and not a statement of fact. This bill is asked to be taken into consideration with the subsequent bill, which shows practically, as follows: "The State having examined the witness and had him swear as to the alleged sale, and as to the liquor being, in his opinion, whisky, and having made out the State's case as to such sale, to the satisfaction of the State's counsel the witness was turned over for cross-examination to appellant's counsel, whereupon he was asked if he would swear that the liquor which he purchased from defendant, to which purchase he had sworn, was, beyond a reasonable doubt, whisky, and not some concoction made to resemble it. State's counsel objected to the question on the ground that it had already been asked and answered, whereas such question had not been asked or answered; but which objection the court sustained, and refused to allow the witness to answer such question on the ground that it had been asked and answered. The witness would have answered, if permitted to do so, that he would not swear that the liquor which he testified to having purchased from appellant was whisky and not some concoction made to resemble it. The witness having failed to testify that such liquor

was intoxicating, and having failed to qualify as an expert as to what was whisky, the defendant propounded other questions to said witness as testing his qualifications as an expert as to knowledge of what was whisky, and again asked said witness whether, after such questions, he would swear that the liquor he purchased from appellant, and upon the sale of which this prosecution is based, was in fact whisky, and not some concoction made to resemble it. Again, State's counsel interposed objection on the ground that the question had been previously asked, which the bill recites was not true, but the court sustained the objection. The witness would have answered, if permitted to do so, that he would not swear that said liquor which he purchased from appellant, and upon the sale of which this prosecution is based, was in fact whisky and not some concoction made to resemble it. Exception was reserved by appellant because the question had not been asked or answered, and because it was a legal question and was material and relevant to the defense, and because the answer of the witness would show that the liquor the witness purchased and for which appellant is indicted for selling was not, so far as the witness could swear, whisky, and not some concoction made to resemble it; the witness having failed to swear that such liquor was intoxicating, and having merely sworn that in his opinion the same was whisky, and having failed to qualify as an expert as to whether the same was whisky or not, and because the said question was not objected to as alleged for any reason, but only that same had been previously asked and answered, which was not true." The witness was not permitted to answer these questions, and a bill of exceptions was reserved and signed by the court. We are of opinion that while the witness may testify as to his knowledge that the liquor bought was whisky, or that the liquor bought was intoxicating, yet the evidence must show that it was either whisky, which is judicially known to be intoxicating, or if not whisky, that the liquor or concoction bought was capable of producing intoxication. It is only a violation of the local option law to sell intoxicants. We are of the opinion that this was a material question in this case, and this witness had not been permitted to testify in regard to this matter, the ruling of the court was error. If the liquid sold was not intoxicating, or if there was a doubt of it, then the State's case would fail. In other words, the State must show beyond a reasonable doubt that the liquid sold was intoxicating in order to secure a conviction on the facts. For this error the judgment will be reversed.

There is another question, perhaps, necessary to be noticed, as it has been strenuously urged. The question pertains to the manner of putting local option law into effect in the given territory, and whether that fact was legally accomplished. Briefly stated, the record shows the election was held October 17, 1903, and the result declared October 29, 1903. The order declaring the result was published four times in the Goldthwaite Eagle, a newspaper, the date of publication being October 31, November 7, November 14, and November 21, 1903. The result of this publication was not entered upon the minutes so far as the record

shows by the county judge as the statute requires. In 1907, however, the county judge published the result again on April 6, April 13, April 20, and April 27, 1907. This last publication was unnecessary. The failure of the county judge to make such entry upon the minutes of .the court did not affect the election of 1903. Such record entry constitutes prima facie evidence of the fact, however, that such publication had been made and the law put in force. This question arose in the case of Ezzell v. State, 29 Texas Crim. App., 521. In that case the editor of the paper publishing the result of the law was permitted to testify in regard to its publication in his paper. The court said in that case. "The proof of such entry would be sufficient prima facie to show that this phase of the law was complied with. But a failure or refusal of the judge to make such entry would not render such election void. The State could prove it by any other legitimate proof. In the absence of such proof it would devolve upon the State to prove the fact of the necessary publication by other and the best evidence obtainable. The testimony of the witness was admissible and not subject to the exceptions thereto. He testified that the order was published four weeks in said paper." In Armstrong v. State, 47 S. W. Rep., 981 the Ezzell case was approved, as it was in Jones v. State, 38 Texas Crim. Rep., 533; 43 S. W. Rep., 981, but the facts in the Armstrong case distinguished it somewhat from the Ezzell case. There was a difference between the facts in the Armstrong case and that of the Ezzell case, as there was in the Jones case, supra. In the Jones case it is said: "It is clear from this provision that until the order has been published the length of time required, that prohibition cannot take effect in the county, precinct, etc. It is absolutely necessary, therefore, that the publication of this order in one of the modes prescribed by this article should be approved upon the trial of any person accused of violating the local option law." In the Armstrong case, supra, it is said: "In this case, however, the State did not undertake to prove that the county judge had made the proper entry upon the docket, or that he had failed to do so. If he had made the order, then the minutes of that entry, or a certified copy thereof, under the seal of the .clerk of the court, would have been legitimate evidence to constitute a prima facie case, on this phase of it. But the State did not undertake to show this, but relied upon the statement of Pickens that he had an order, and had given it to said paper for publication, and had seen one issue of said paper containing said order. Upon the objection of appellant, this testimony should have been excluded, unless it had been shown that such entry had not been made. If it had been shown that the county judge had failed or refused to make such entry, then the State could prove the fact of publication by other legitimate evidence. In the absence of proof that the entry had been made, it would devolve upon the State to prove the fact of the necessary publication by other and the best evidence obtainable. But this was not shown in this case, and the objection

should have been sustained. Ezzell v. State, 29 Texas Crim. App., 521; 16 S. W. 782; Jones v. State, supra." Applying the rule laid down in these cases to the one in hand, we are of opinion that the exception reserved by appellant does not show any error on the part of the court in admitting the testimony of the witness Thompson to the effect that he had published in the paper, the Goldthwaite Eagle, the order declaring the result for four consecutive weeks, or at least had published it in four consecutive issues. It is sufficiently made to appear by this record that the county judge had not in 1903 entered upon the minutes of the court a record of the fact of the publication of the order declaring the result. It was, therefore, proper that the evidence of Thompson be introduced to prove the fact of publication. It is, therefore, unnecessary to discuss what effect the subsequent publication in 1907 of the result of the previous election of 1903 may have had, and the further fact that such publication in 1907 was made a part of the record of the court by the county judge ordering such publication. Under the facts of this case it neither added to nor detracted from the regularity of the proceedings putting this law into operation. It would have been sufficient if the county judge had at that time made his entry upon the minutes of the court of the fact of the previous publication of 1903. It would have constituted regularity, but as he did not, it did not render invalid the previous election, because the facts show the order declaring the result had been properly published in a newspaper as required by law. The publication *is* a necessary step. The entry upon the minutes of such publication is not a necessary step; that is, its omission will not render invalid the law, but only requires a different method of proving such publication.

It is unnecessary to discuss failure to give requested instructions as the points will be covered upon another trial.

For the first proposition discussed, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*