### FRED WHEAT v. THE STATE.

#### No. 3881. Decided January 5, 1916.

**Selling Liquor Without License—Recognizance—Practice on Appeal.**

Where, upon appeal from a conviction of selling liquor without license, the recognizance was fatally defective, the appeal must be dismissed, and in the absence of bills of exception and statement of facts it is useless to correct the recognizance, as nothing could be reviewed on appeal.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of selling liquor without license; penalty, a fine of $500 and one day confinement in the county jail.

The recognizance failed to conclude with the words "In this case."

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of insufficient recognizance: Lindsey v. State, 59 Texas Crim.

Rep., 273; Harden v. State, 62 Texas Crim. Rep., 84, 136 S. W. Rep., 768.

PRENDERGAST, PRESIDING JUDGE.—This is an appeal from a conviction for selling liquor in non-prohibition territory without any license.

The recognizance is fatally defective, as has many times been held by this court. It will, therefore, be necessary to dismiss this appeal.

However, we might say that there is neither a bill of exception nor a statement of facts, and no question raised which can be reviewed in the absence of these. It would, therefore, seem useless to correct the recognizance, as the case shown by this record would necessarily be affirmed if a correct recognizance had been entered into.

The appeal is dismissed.

*Dismissed.*