Grady Jenkins v. The State.

No. 5573.   Decided November 26, 1919.

Aggravated Assault—Recognizance—Statutes Construed.

The Statute, 2 Vernon's Criminal Statutes, articles 919, 920, require that the recognizance in misdemeanor cases must be made in substantial compliance with the form prescribed in the statute, and where this was not done the appeal must be dismissed.

Appeal from the District Court of Palo Pinto.   Tried below before the Hon. J. B. Keith, judge.

Appeal from a conviction of aggravated assault; penalty, seven months confinement in the county jail; growing out of a charge of assault to murder.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was convicted of aggravated assault. The only entry we find relating to a recognizance is as follows:

"Recognizance fixed at $1,000. Made and executed by Grady Jenkins, N. A. Jenkins, and G. T. Sandige."

Our statute prescribes the form of recognizance in misdemeanor cases—see Vernon's Criminal Statutes, vol. 2, art. 919; and art. 920 forbids this court from entertaining an appeal where a recognizance is required unless one is made in substantial compliance with the form prescribed in the statute. Because the record fails to show a compliance with these statutes the State through the Assist-

ant Attorney General moves that the appeal be dismissed, which motion we are constrained to sustain.

The appeal is dismissed.

*Dismissed.*