MR. & MRS. B. E. HURT v. THE STATE.

No. 6683. Decided February 15, 1922.

Rehearing Denied October 11, 1922.

1.—Recognizance—Practice on Appeal—Words and Phrases.

Where the parties to the recognizance did not bind themselves to abide the judgment of the Court of Criminal Appeals, "in this case" the same was insufficient. Following Cryer v. State, 36 Texas Crim. Rep., 621. However, the record having been corrected, the appeal is reinstated.

2.—Same—Bawdy House—Vagrancy—Former Conviction—Plea in Abatement.

Where the judgment of conviction for vagrancy was not pleaded in abatement, but the case was tried on a plea of not guilty, the judgment of vagrancy did not bar the State in the prosecution for keeping a bawdy house; besides, the proof was conclusive that both before and after the alleged date, of the vagrancy charge, the appellants kept a bawdy house, and the conviction is sustained.

3.—Same Bawdy House—Vagrancy—Sufficiency of the Evidence.

The proposition that evidence which would tend to sustain both the offense of vagrancy and keeping a disorderly house, prior to the charge of vagrancy, on May 21st, was not admissible in evidence, is untenable, however, there was ample evidence that after said date appellants committed the offense of keeping a bawdy house.

4.—Same—Rehearing—Plea in Bar—Plea of Former Conviction.

The question as to the availability of a plea of former conviction for vagrancy, as a bar to a subsequent prosecution for keeping a disorderly house when the time covered by the evidence in each case is the same, was not before the trial court, in the absence of a plea of former conviction.

Appeal from the County Court of Witchita. Tried below before the Hon. Guy Rogers.

Appeal from a conviction of keeping a bawdy house; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*Davenport, Wilson & Thornton,* for appellants.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for keeping a bawdy house.

A motion is made by the State to dismiss the appeal for the reason that the recognizance is incomplete in failing to show that the parties thereto bound themselves to abide the judgment of the Court of Criminal Appeals "in this case." The recognizance found in the record omits the essential concluding words in the recognizance, that is, it omits the words "in this case." The same point has been passed on on many occasions. Cryer v. State, 36 Texas Crim. Rep., 621; and other cases listed in Branch's Ann. Texas Penal Code, Sec. 620.

The motion to dismiss the appeal is sustained.

*Dismissed.*

June 21, 1922.

MORROW, Presiding Judge.—The record having been corrected, the appeal is reinstated.

Appellants are charged by information with the offense of keeping a bawdy house on or about the 15th day of June, 1921. They were convicted and against each there was assessed a fine of $200; also confinement in the county jail for a period of twenty days.

The evidence going to show their guilt is uncontradicted and quite sufficient. On the trial they made objection to certain testimony, the effect of which was to reveal that they began keeping a house of prostitution prior to the month of May, 1921, the theory advanced being that on the 21st of May, they had been charged in the City Court of Burkburnett with the offense of vagrancy, based upon the fact that they kept a place wherein prostitutes were permitted to resort and reside for the purpose of plying their vocation and that in consequence of the prosecution and conviction of vagrancy, the State was precluded proof, on the charge of keeping a bawdy house, of facts antedating the trial and conviction of vagrancy. Vagrancy is defined by Article 634 of the Penal Code, and among its provisions is that which declares as a vagrant "every keeper of a house of

prostitution.'' A bawdy house is defined by Article 496 of the Penal Code as one kept for the purpose of prostitution or where prostitutes are permitted to resort and reside for the purpose of plying their vocation.

The judgment of conviction for vagrancy was not pleaded in abatement, but the case was tried on a plea of not guilty. The proof was conclusive that both before and after May 21st, the appellants kept a bawdy house. In the absence of a plea in abatement, the judgment of vagrancy could not be effective to bar the State in this prosecution on the same facts. Code of Crim. Proc., Art. 572 and 573.

By this is not meant to intimate that under any circumstances the conviction of vagrancy would bar the prosecution for keeping a disorderly house for the reason that in the absence of a plea in abatement, that question is not before us. This court has been referred to no authority and is aware of none which would support appellant's proposition that evidence which would tend to sustain both the offense of vagrancy and keeping a disorderly house prior to the 21st day of May were not admissible. In the instant case, however, there being ample evidence that after the 21st day of May, appellants did commit the offense of keeping a bawdy house, we are unable to reach the conclusion that the evidence showing that they did so before the 21st day of May was of such harmful nature, even if inadmissible, as to justify a reversal of the case.

It is therefore affirmed.

*Affirmed.*

### ON REHEARING.

### October 11, 1922.

LATTIMORE, JUDGE.—In their motion for rehearing appellants insist that we erred in not reversing this case because of the alleged error in admitting testimony upon this instant trial which had been substantially given upon a former trial of these appellants in a case wherein they were charged with vagrancy in a different court. The record in this case presents no plea of former conviction or former jeopardy on behalf of appellants. There being no such plea before the trial court, we could not well sustain the objection mentioned. That certain evidence had been used against the accused at some other time and place, would not render it inadmissible *per se*. Illustrations might easily be multiplied of instances in which such evidence would be most material. The question as to the availability of a plea of former conviction of vagrancy, as a bar to a subsequent prosecution for keeping a disorderly house when the time covered by the evidence in each case is the same, was not before the trial court, because there was no plea setting up such former conviction, or asking that a conviction be not permitted in the instant case. In this condition of the record there is

nothing before us from which we could conclude that any error was committed by the trial court, and the motion for rehearing will be overruled.

*Overruled.*