CLEO SPEARS V. THE STATE

No. 19990.   Delivered December 7, 1938.
On the Merits January 11, 1939.

The opinion states the case.

*J. E. Atcheson,* of Crowell, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The conviction is for possession of whisky for the purpose of sale in dry area. The punishment assessed is confinement in the county jail for one day and a fine of $100.

The recognizance appearing in this record is wholly insufficient. It does not bind the appellant to do anything. It neither mentions the offense for which he was convicted or the court in which conviction was had, etc. Consequently, the appeal in this case must be dismissed. See Jenkins v. State, 86 Tex. Crim. Rep., 266 (216 S. W., 183) ; Hurt v. State, 92 Tex. Crim., Rep., 347 (243 S. W. 989) ; Wheat v. State, 181 S. W. 727; Art. 831, C. C. P.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS

KRUEGER, JUDGE.—On a former day we dismissed the appeal in this cause because of a defective record. The appellant has properly perfected the same and the cause is now before us on its merits.

The facts are undisputed. The officers found two full pints and a part of a pint of whisky on appellant's premises. He denied ownership of the two full pints, asserting that they belonged

to other persons. The jury, however, found adversely to his contention and the evidence supports their verdict.

The complaint and information seem sufficient to charge the offense. Appellant, however, by his bills of exceptions numbers three and four, contends that on the date of his arrest, January 26, 1938, there was no order in the minutes of the Commissioners' Court showing that the result of said election had been duly declared and published as required by law. He concedes, and the record clearly shows, that the State's proof was otherwise sufficient to show that Foard County had voted itself dry by an election held in the year 1913.

It would seem from the record that upon the assertion and affidavit of J. L. Martin (the owner and publisher of the Foard County News in 1913), that he published a proclamation of the county judge of said county in the manner and for the length of time required by law, the Commissioners' Court on February 14, 1938, entered a nunc pro tunc order on its minutes showing the fact of such publication. In this order it is stated that through oversight or inadvertence the same was not spread upon the minutes at the proper time. Appellant asserts that since he was arrested prior to this time, viz., on January 26, 1938, said order can be of no avail as against him, because it would be retroactive. He also insists that the intervening twenty-five year period makes the order void.

We cannot agree with his contention. Evidently appellant has misconceived the meaning and effect of a nunc pro tunc entry. Its purpose is merely to insert into an otherwise incompleted record an entry of what actually occurred. Its function is purely ministerial in nature. "Words and Phrases," Vol. 2, Fourth Series, p. 823, defines the term thusly: " 'The only purpose of a nunc pro tunc entry is to correctly evidence on records a judgment, decree, or order actually made by the court but for some reason not entered of record at a proper time." Huggins v. Johnston (Tex.) 3 S. W. (2d), 937, 940.' "

Foard County was a dry area at the time appellant was arrested, since the election had been duly and regularly held, the returns canvassed, the result declared, and the publication thereof duly accomplished in the manner and for the length of time required by law. The fact that a notation of publication had been omitted from the minutes of the Commissioners' Court would be of no moment. A nunc pro tunc entry on the affidavit of the publisher of the newspaper in which the proclamation was published would be proper. Since the law was in effect at the time of his arrest and the jury found him guilty of violating it,

his contention is necessarily without merit. Crockett v. State, 49 S.W. 392; Watkins v. State, 58 S. W. 109.

Bill number one is qualified by the trial court and as qualified fails to present error of a reversible nature.

Bill number two complains of the trial court's action in overruling his motion for a continuance based on the absence of the witness, Olorene Spears, who would have testified, according to appellant's contention, that the whisky found on his premises did not belong to him. The bill and the record reveals that the county health officer went to the residence of this witness and took her temperature and found her pulse to be normal. That the trial court's reason for overruling said motion was because he believed it was only for delay. Ordinarily this court will not reverse a case where the trial court has overruled a motion for continuance, unless it appears that he has abused his discretion. We fail to see such an abuse in this instance as would require a reversal.

Appellant's many criticisms levelled at the court's charge are without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.