HOMER COOK v. THE STATE.

No. 22690. Delivered January 12, 1944.

The opinion states the case.

*Cunningham, Lipscomb &. Cole,* of Bonham, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for unlawfully selling whiskey in Fannin County; the punishment, thirty days in jail.

In order to show that said county was a dry area within the meaning of the Texas Liquor Control Act, the State introduced in evidence, from the minutes of the commissioners' court, the order for election, the order canvassing returns and declaring result, and the following affidavit:

"THE STATE OF TEXAS, )
"COUNTY OF FANNIN. )

"Before me, Pat Henry, Clerk of the County Court in and for Fannin County, the State of Texas, on this day personally appeared, Ashley Evans, to me well known, who, being by me duly sworn, on his oath deposes and says: That he is one of the publishers of the Bonham News a weekly newspaper published regularly in the County of Fannin, State of Texas, and that the attached order of the Commissioners' Court declaring the result of the prohibition election in Fannin County on the 13th day of June, 1903, was published in said newspaper for four consecutive weeks, to-wit: In the issues of said papers dated as follows:

June 26th, 1903, July 3rd, 1903, July 10th, 1903, and July 17th, 1903.

"ASHLEY EVANS, Publisher.

"SWORN TO AND SUBSCRIBED BEFORE ME, on this the 29 day of July, 1903.

"PAT HENRY, CLERK OF THE COUNTY<br>COURT, Fannin County, Texas."

Appellant insists that the facts are insufficient to show that Fannin County was a dry area because there was no proof that the publication of the order declaring result was in a newspaper selected by the county judge for such purpose and the fact of publication was not entered by the county judge on the minutes of the commissioners' court. In other words, it is appellant's position that mere proof of the fact that the order declaring result was published in some newspaper is insufficient to meet the requirements of the law, but that, to be sufficient, it must be shown that the newspaper in which the order was published was selected by the county judge for that purpose and the fact of publication entered by the county judge upon the minutes of the commissioners' court.

The applicable statute controlling the question here presented is Art. 3391, R. C. S., 1895, which reads as follows:

"Art. 3391. The order of the court declaring the result and prohibiting the sale of such liquors shall be published for four successive weeks in some newspaper published in the county wherein such election has been held, which newspaper shall be selected by the county judge for that purpose. If there be no newspaper published in the county, then the county judge shall cause publication to be made by posting copies of said order at three public places within the prescribed limits for the aforesaid length of time. The fact of publication in either mode shall be entered by the county judge on the minutes of the commissioners' court. And entry thus made, or a copy thereof certified under the hand and seal of the clerk of the county court shall be held sufficient prima facie evidence of such fact of publication."

The purpose of this statute was not only to require, but to furnish, a method by which notice be given of the fact that local option was in force and effect. So long, then, as that purpose is accomplished, the demands of the law have been complied with. The burden is upon the State to so show. The affidavit shows the publication in a newspaper in the county for the required length of time. There is nothing to show that the newspaper in

which the publication appeared was not selected by the county judge for that purpose. The affidavit showing publication is a part of the minutes of the commissioners' court of the county. There is nothing to show that it was not so caused to be entered by the county judge.

We do not have a case here where it is affirmatively shown that the newspaper was not selected by the county judge or that he did not cause the affidavit of publication to be entered upon the minutes.

The law presumes that a public officer performs the duties of his office in accordance with law. Under the facts here presented, such presumption is sufficient to authorize the conclusion that the newspaper in which the publication of the order declaring the result was made was selected for that purpose by the county judge, and that the affidavit showing publication of the order was entered upon the minutes of the commissioners' court by the county judge.

We, therefore, conclude that the facts were sufficient to show that Fannin County was a dry area, in which the sale of intoxicating liquor had been prohibited.

Appellant objected to the introduction in evidence of the affidavit of publication on the ground that same was hearsay. Being a minute of a court of general jurisdiction, it was admissible as such.

By bill of exception, it is made to appear that this prosecution was instituted against appellant on the 6th day of April, 1943, when the information was filed and presented by one John Farmer, County Attorney of Fannin County; that thereafter, and on the 8th day of July, 1943, said John Farmer enlisted in the armed forces of this country and has continuously served therein, with no intention of resuming the duties of said office during his elected term; that A. L. McRae was the assistant county attorney, serving under Farmer; that this case was tried on the 15th day of July, 1943, at and during which trial the State was represented, and the prosecution was conducted, by McRae.

Before announcing ready for trial, appellant filed his motion, insisting that, under the facts stated, the office of county attorney had been vacated, and that McRae was without authority to act as such. He prayed that the prosecution be abated

until such time as the State had some legally authorized representative to function in the case. He insists that the action of the trial court in overruling his motion was error.

Art. 31, C. C. P., provides for the appointment of an attorney to represent the State, in the absence of the county attorney. There is nothing in this record to show that McRae had not been so appointed. Moreover, McRae was performing the duties of the office of county attorney, under color of authority; he was, therefore, if not an officer de jure, an officer de facto. Appellant could not collaterally attack McRae's authority to prosecute the case. Snow v. State, 134 Tex. Cr. R. 263, 114 S. W. (2d) 898; Walker v. State, 171 S. W. (2d) 887.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.