ELLIOTT CLARK V. STATE.

No. 25784. April 2, 1952.
Rehearing Denied May 14, 1952.

Hon. Clifford S. Roe, Judge Presiding.

*Tom Bankhead,* Carthage, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Possessing whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100 and fifteen days in jail.

It is contended that the proof is insufficient to show that the order putting local option into effect had been properly published. As to this, the state introduced in evidence the order of the commissioners' court of Panola County, dated December 21, 1904, canvassing returns and declaring the result of the election, showing that prohibition had been adopted. The county judge was therein ordered to publish "this order for four successive weeks in some Newspaper published in Panola County, Texas." Some forty-six years thereafter, on March 21, 1951, Margie E. Neal made the following affidavit:

" 'THE STATE OF TEXAS   :
" COUNTY OF PANOLA      :

"THAT I, MARGIE E. NEAL, BEING editor*y* of the EAST TEXAS REGISTER during the Prohibition Election held in Panola County, Texas, on the 10th day of December, 1904, do hereby solemnly swear that the County Judge notice of results of said election, was published in my newspaper in the following issues:

> January 6,   1905
> January 13, 1905
> January 20, 1905
> January 27, 1905

and that below is a true and correct copy of said notice which appeared in said issues of the EAST TEXAS REGISTER. . . .' "

The order of the commissioners' court declaring the result of the election above referred to was copied in full in the affidavit. The affidavit was duly copied into the commissioners' court minutes.

Objection was made to the receipt in evidence of the affidavit as being hearsay and insufficient to constitute proof of the publication of the order.

In support of this objection, reliance is had upon the case of Ray v. State, 138 Tex. Cr. R. 553, 137 S. W. 2d 1031, which apparently sustains such position. On the other hand, it appears that the case of Spears v. State, 136 Tex. Cr. R. 55, 123 S. W. 2d 674, and Cook v. State, 146 Tex. Cr. R. 523, 176 S. W. 2d 941, authorize the introduction of the testimony.

We have concluded that the holding in the Cook case and the reasoning there given are correct.

The Ray case, supra, in so far as it announces a contrary doctrine, is hereby overruled.

In the light of appellant's admission as a witness, the conclusion is expressed that the facts are sufficient to show the possession of more than a quart of whisky.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant insists that the introduction of the affidavit of the publisher of the *East Texas Register* of the order of the county judge of Panola County declaring, on December 21, 1904, the result of the election held therein on December 10, 1904, is hearsay and inadmissible for any purpose.

It seems as though this affidavit of such publisher was made on March 21, 1951, and that the cause herein was tried on November 21, 1951.

Copied in the affidavit, together with the order of the commissioners' court canvassing returns, was a certificate which showed that such order of the county judge was entered in the minutes of the commissioners' court at the December, 1904, term, the objection being that it was hearsay.

We held in the case of Beaty v. State, 53 Tex. Cr. Rep. 432, 18 S. W. 646, that if the county judge had failed to make entry, the same could have been proven by oral testimony. To the same effect is the holding in Ezzell v. State, 29 Tex. App. 521, 16 S. W. 782. We also held to the same effect in the recent case of Dabney v. State, 141 Tex. Cr. Rep. 16, 146 S. W. 2d 1000.

We think that under the above holdings, the affidavit of Miss Margie E. Neal, publisher of said newspaper, was correctly received in order to show that the order of the commissioners' court prohibiting the sale of intoxicating liquor in said county was properly made at the time.

The motion for rehearing is overruled.