TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00679-CR






Lynn Deandre Boyd, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 20,022-CR, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING






 Appellant Lynn Deandre Boyd entered a guilty plea before a jury and was convicted
of possessing with the intent to deliver more than four grams but less than two hundred grams of
cocaine. See Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2001). The jury
assessed appellant's punishment at imprisonment for twenty years. On appeal, appellant asserts that
the trial court violated the Texas Constitution by conducting the trial of this case outside of the
county seat of Milam County. We will affirm the judgment.

 Referring to district courts, the Texas Constitution provides: "The Court shall conduct
its proceedings at the county seat of the county in which the case is pending, except as otherwise
provided by law." Tex. Const. art. V, § 7. (1)

 Here, the record is inadequate to support appellant's claim that the trial proceedings
were not conducted at the county seat. The record includes only the clerk's records. The Court
reporter's record was not filed. There is nothing in the appellate record to show that the trial
proceedings in this case were not conducted in Cameron, the county seat of Milam County.

 There is a rebuttable presumption that the trial court followed the constitutional
provision. See Thompson v. State, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982); Cook v. State, 176
S.W.2d 941, 943 (Tex. Crim. App. 1944); Cooper v. Hall, 489 S.W.2d 409, 416 (Tex. Civ.
App.--Amarillo 1972, writ ref'd n.r.e.). The record before us requires that we presume the trial
court followed the constitutional provision and that the proceedings in this case were conducted in
the county seat of Milam County where the case was pending.

 Although it is not properly a part of the appellate record and we cannot consider it, (2)
we note that the following instrument was filed directly in this Court.


AGREED MOTION NOT TO SUBMIT REPORTER'S RECORD



TO THE THIRD COURT OF APPEALS OF TEXAS:



 Appellant, LYNN DEANDRE BOYD hereinafter, Appellant, respectfully
submits Motion in order to expedite the decision in this matter and would show the
court as follows:


PRELIMINARY STATEMENT



 This is an appeal in a criminal matter which was tried in Milam County,
Texas. This cause of action was tried by the District Court for the 20th Judicial
District. However, the proceedings in this matter were not held in the county seat of
Milam County, which is Cameron, Texas. Instead, the proceedings were held in
Rockdale, Texas. The sole issue before this court is whether the holding of
proceedings in this matter, outside of the county seat violated the Texas Constitution.


MOTION



 Because this appeal only involves the constitutionality of the proceedings in
this matter, the parties feel that it is unnecessary and a waste of judicial resources for
transcripts to be submitted in this matter. The parties agree that the proceedings in
this matter were not conducted in the County Seat for Milam County, Texas. 
Wherefore, premises considered Appellant and State agree that the briefs be
submitted to this honorable Court of Appeals, without the need of transcripts in this
matter.



 This unverified "motion" is signed by appellant's attorney and "agreed to [in] form
and substance" by the District Attorney. It is not shown that the "motion" was approved by the trial
court. This "motion" was not filed with the trial court clerk to be included in the appellate record. 
Therefore, we cannot consider or determine whether it is an "Agreed Record" or an "Agreed
Statement of the Case" as provided by the appellate rules. See Tex. R. App. P. 34.2, 34.3. (3) 
Moreover, the "motion" does not qualify as a formal bill of exception. See id. 33.2.

 Because there is nothing in the appellate record of which we may properly take
cognizance that shows the proceedings in this case were conducted outside of the county seat of
Milam County, we must presume that the trial proceedings were conducted at the county seat as
required by the Texas Constitution. Appellant's points of error are overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Puryear and Dally*

Affirmed

Filed: November 8, 2001

Do Not Publish
















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Stine v. State, 908 S.W.2d 429, 433 (Tex. Crim. App. 1995).
2. "The record for an appeal is based upon what can usefully be regarded as the trial court
record. Matters not adequately brought within the trial court record cannot later be included within
the appellate record because the appellate record is limited to the trial court record." 43A George
E. Dix & Robert O. Dawson, Criminal Practice and Procedure § 43.301 (Texas Practice 2d ed.
2001). "Perhaps the most basic characteristic of the appellate record is that it is limited to matters
before the trial court. An appellate court may not consider such extra-record materials as affidavits
attached to appellate briefs . . . . The appellate record is limited to matters in the trial record." Id.
§ 43.06.
3. 34.2 Agreed Record. By written stipulation filed with the trial court clerk, the
parties may agree on the contents of the appellate record. An agreed record will be
presumed to contain all evidence and filings relevant to the appeal. To request matter
to be included in the agreed record, the parties must comply with the procedures in
Rules 34.5 and 34.6


 34.3 Agreed Statement of the Case. In lieu of a reporter's record, the parties may
agree on a brief statement of the case. The statement must be filed with the trial
court clerk and included in the appellate record.


Tex. R. App. P. 34.2, 34.3.