# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-00-00679-CR

**Lynn Deandre Boyd, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 20,022-CR, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING

Appellant Lynn Deandre Boyd entered a guilty plea before a jury and was convicted of possessing with the intent to deliver more than four grams but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.102(3)(D) (West Supp. 2001). The jury assessed appellant's punishment at imprisonment for twenty years. On appeal, appellant asserts that the trial court violated the Texas Constitution by conducting the trial of this case outside of the county seat of Milam County. We will affirm the judgment.

Referring to district courts, the Texas Constitution provides: "The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." Tex. Const. art. V, § 7.[1]

Here, the record is inadequate to support appellant's claim that the trial proceedings were not conducted at the county seat. The record includes only the clerk's records. The Court

---

[1]  *See Stine v. State*, 908 S.W.2d 429, 433 (Tex. Crim. App. 1995).

reporter's record was not filed. There is nothing in the appellate record to show that the trial proceedings in this case were *not* conducted in Cameron, the county seat of Milam County.

There is a rebuttable presumption that the trial court followed the constitutional provision. *See Thompson v. State*, 641 S.W.2d 920, 921 (Tex. Crim. App. 1982); *Cook v. State*, 176 S.W.2d 941, 943 (Tex. Crim. App. 1944); *Cooper v. Hall*, 489 S.W.2d 409, 416 (Tex. Civ. App.—Amarillo 1972, writ ref'd n.r.e.). The record before us requires that we presume the trial court followed the constitutional provision and that the proceedings in this case were conducted in the county seat of Milam County where the case was pending.

Although it is not properly a part of the appellate record and we cannot consider it,[2] we note that the following instrument was filed directly in this Court.

AGREED MOTION NOT TO SUBMIT REPORTER'S RECORD

TO THE THIRD COURT OF APPEALS OF TEXAS:

Appellant, LYNN DEANDRE BOYD hereinafter, Appellant, respectfully submits Motion in order to expedite the decision in this matter and would show the court as follows:

PRELIMINARY STATEMENT

This is an appeal in a criminal matter which was tried in Milam County, Texas. This cause of action was tried by the District Court for the 20th Judicial District.

---

[2] "The record for an appeal is based upon what can usefully be regarded as the trial court record. Matters not adequately brought within the trial court record cannot later be included within the appellate record because the appellate record is limited to the trial court record." 43A George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* § 43.301 (Texas Practice 2d ed. 2001). "Perhaps the most basic characteristic of the appellate record is that it is limited to matters before the trial court. An appellate court may not consider such extra-record materials as affidavits attached to appellate briefs . . . . The appellate record is limited to matters in the trial record." *Id.* § 43.06.

However, the proceedings in this matter were not held in the county seat of Milam County, which is Cameron, Texas. Instead, the proceedings were held in Rockdale, Texas. The sole issue before this court is whether the holding of proceedings in this matter, outside of the county seat violated the Texas Constitution.

MOTION

Because this appeal only involves the constitutionality of the proceedings in this matter, the parties feel that it is unnecessary and a waste of judicial resources for transcripts to be submitted in this matter. The parties agree that the proceedings in this matter were not conducted in the County Seat for Milam County, Texas. Wherefore, premises considered Appellant and State agree that the briefs be submitted to this honorable Court of Appeals, without the need of transcripts in this matter.

This unverified "motion" is signed by appellant's attorney and "agreed to [in] form and substance" by the District Attorney. It is not shown that the "motion" was approved by the trial court. This "motion" was not filed with the trial court clerk to be included in the appellate record. Therefore, we cannot consider or determine whether it is an "Agreed Record" or an "Agreed Statement of the Case" as provided by the appellate rules. *See* Tex. R. App. P. 34.2, 34.3.[3] Moreover, the "motion" does not qualify as a formal bill of exception. *See id.* 33.2.

---

[3]     **34.2 Agreed Record**. By written stipulation filed with the trial court clerk, the parties may agree on the contents of the appellate record. An agreed record will be presumed to contain all evidence and filings relevant to the appeal. To request matter to be included in the agreed record, the parties must comply with the procedures in Rules 34.5 and 34.6

**34.3 Agreed Statement of the Case**. In lieu of a reporter's record, the parties may agree on a brief statement of the case. The statement must be filed with the trial court clerk and included in the appellate record.

Tex. R. App. P. 34.2, 34.3.

Because there is nothing in the appellate record of which we may properly take cognizance that shows the proceedings in this case were conducted outside of the county seat of Milam County, we must presume that the trial proceedings were conducted at the county seat as required by the Texas Constitution.  Appellant's points of error are overruled.

The judgment is affirmed.


_____

_____Carl E. F. Dally, Justice

Before Justices B. A. Smith, Puryear and Dally[*]

Affirmed

Filed:   November 8, 2001

Do Not Publish

\*    Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).