### L. H. HILLMAN V. THE STATE.

No. 9580.   Delivered March 3, 1926.

Rehearing denied State April 7, 1926.

**1.—Transporting Intoxicating Liquor—Evidence—Statement of Appellant—Before Grand Jury—Erroneously Excluded.**

Where, on a trial for transporting intoxicating liquor, the State introduced a written statement of appellant made before the grand jury, to the effect that the whiskey which appellant was charged with transporting, was purchased by him from one Charles Jirasek, it was error to refuse to permit appellant to testify as to all of his statement so made, it being admissible under Art. 718 of Vernon's Tex. Crim. Stats., Vol. 2, as well as under Art. 694, P. C. of 1925.

**ON REHEARING.**

**2.—Same—Testimony Before Grand Jury—Immunity.**

On rehearing the State insists that we were in error in our original opinion, in holding that appellant should have been permitted to testify to all of the statements made by him before the grand jury. With this contention we cannot agree. Appellant was carried before the grand jury three times. He did not go voluntarily. If he told the grand jury from whom he purchased the whiskey, under Art. 694 P. C. 1925, he was immune from prosecution for transporting it, and he should have been permitted to give the testimony upon which he based such defense.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*H. Z. Darrill* and *Wilcox & Groves,* of Georgetown, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Appellant purchased from one Charles Jirasek a half gallon of whiskey and carried it in his automobile to his home in Taylor. While on the way his car became fastened in a mud hole and two persons assisted him in extricating it. He gave them each a drink of whisky and drank some of it himself. He claimed in his testimony that his wife was in ill health, affected with heart disease; that because of this ailment it was necessary that she use whiskey; that he had been obtaining it upon prescription, but found that he could obtain it from Jirasek much cheaper and for that reason he made the purchase.

On the trial of the case, the state used in evidence against the appellant a written statement which he had made and signed before the grand jury. It was related in the statement that appellant had purchased a jar of whiskey from Jirasek for which he paid him seven dollars; that the transaction was had in Williamson County; that it was good moonshine whiskey; that he drank part of it. He testified that the written statement made while he was before the grand jury was not written by him and did not contain all that he said. He offered to prove that in his examination before the grand jury he testified to many things in addition to those that were embraced in the written statement; that he testified that he purchased the whiskey for use as medicine for his wife and for himself; and that it was used for medicinal purposes. On the hearing of his motion for new trial he offered to prove that he was before the grand jury twice; that at first he declined to reveal the name of the person from whom he purchased the whisky, but afterwards related the entire transaction, namely, the name of the purchaser, the place of the purchase, his own actions with reference to taking it to his home, and the purpose for which he took it. The court refused to receive this testimony.

In qualifying the bills, we understand the judge to justify his refusal to permit the appellant to testify to all that was said upon the subject while he was before the grand jury at the time the written statement was made upon the ground that

at the time the testimony was proffered, the appellant had closed his testimony and had been called to the witness stand with the permission of the court, but for the purpose alone of giving testimony to the effect that he had purchased the whiskey for medicinal use.    In Art. 718, Vernon's Tex. Crim. Stat., Vol. 2, it is said:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice."

In the present case, it occurs to us that the due administration of justice required that the appellant be permitted to disclose his entire testimony concerning the matter before the grand jury.    All that he said on the subject at the time was obviously admissible under Art. 811, C. C. P., wherein it is said that "when a detailed act, declaration, conversation or writing is given in evidence by one party, the whole on the subject may be inquired into by the other; and any act, declaration, or conversation necessary to make fully understood or to explain what is given in evidence by the adversary is admissible."    In the application of Art. 718, which is quoted above, the court has broad discretion which will not ordinarily be reviewed, but the testimony which the appellant sought to elicit was of such importance as to demand its receipt.    Moreover, he offered the same testimony on his hearing of the motion for new trial wherein he set up the fact that by reason of his testimony before the grand jury, he was immune from the present prosecution, thereby invoking Art 694, P. C., 1925, wherein it is said:

"No person shall be excused from testifying against persons who have violated any provision of this chapter for the reason that such testimony will tend to incriminate him, but no person required to so testify shall be punishable for acts disclosed by such testimony."

The proffered testimony in the present case would have had direct bearing upon the application of the article of the statute last above quoted.    Under all the facts, we think the testimony touching all that appellant said upon the subject while before the grand jury should have been received.    The truth of it, of course, was a matter which was within the province of the state to offer controverted testimony.    It is obvious that upon the subject the state was not unprepared. The prosecuting attorney, who was before the grand jury and heard the appellant's testimony given therein, as well as the

grand jurors themselves, were available to the State to contro-
vert the appellant's claim, if, in fact, it was not true.

There are many bills of exception including complaints of
misconduct of the jury which we have not deemed it expedient
or necessary to discuss, as it is not probable that they will
arise upon another trial.

For the reasons stated, the judgment is reversed and the
cause remanded.

*Reversed and remanded.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehear-
ing insisting that we were in error in saying the state had
used in evidence against appellant a written statement made
by him before the grand jury and therefore the conclusion
based upon this assumption is also erroneous. We have again
carefully examined the record to ascertain if our statement
was based on a misunderstanding of the facts. The indict-
ment against appellant was returned by the grand jury for
the May term of court in 1924. He was before that grand
jury twice. The first time he did not tell about buying the
whiskey from one Jirasek, but frankly says he tried to protect
his friend, but that the next day he corrected it and told the
grand jury "exactly how it was." For some reason this grand
jury did not indict Jirasek. The grand jury for the succeed-
ing January term of court also called appellant before it and
interrogated him about buying the whiskey from Jirasek. The
statement then made is the one used by the State against appel-
lant on his trial. His defense was that he bought and trans-
ported the whiskey for medicinal purposes. On cross-examina-
tion the statement was read over to him in the presence of
the jury to show it contained no claim that he procured or
transported the whiskey for medical use. This was using the
statement against him as effectually as though it had been for-
mally introduced by the state. Appellant's complaint is that
neither on the trial nor upon the motion for new trial was he
permitted to testify that on each occasion before both grand
juries he told them much more than is embraced in the last
statement, and if permitted to do so it would have shown him
entitled to immunity under Article 694 P. C., 1925, which is
quoted in our original opinion.

There is nothing in the record to show that appellant was
a voluntary witness before the grand jury seeking to forestall

the state by making out for himself a case of immunity. On the contrary, it shows he was brought before it by process. If he told the grand jury about the purchase and transportation of the whiskey he could not be prosecuted for the transportation of it under the express provision of the statute referred to. He should have been permitted to give the testimony upon which he proposed to base such defense.

The motion for rehearing is overruled.

*Overruled.*