OTIS DABNEY V. THE STATE.

No. 21332. Delivered December 11, 1940.
Rehearing Denied January 29, 1941.

The opinion states the case.

*Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson, State's* Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the county court of Young County on a charge of violating the local option law and assessed a penalty of $100.00, from which he appeals.

The evidence shows that appellant was clerk in a drug store known as Miller Drug Store No. 3; that he was a regular pharmacist authorized to fill prescriptions. The prosecuting witness was an inspector for the Liquor Control Board. He testified that he went into the store and bought the liquor in question without a prescription and without in any manner complying with the law. Appellant denied that he sold the whisky without a prescription and denied that he had ever seen the witness before.

Appellant's bill of exception number one complains of the testimony of H. I. Trout, editor of the Graham Leader, a weekly

newspaper which has been regularly published in Young County since prior to 1896. The records of the Commissioner's Court in the year 1896 show sufficiently the orders relative to a local option election and that the results were declared, but do not show the publication of the order declaring the results as required by the law at that time. To supply this, the prosecution called Mr. Trout, who brought with him certain numbers from the volume of the Graham Leader published during that year which showed the publication of this order for the period of time required by law. He testified on direct and cross examination that he has been editor of the paper for several years; that he has custody of the files which are kept in a vault and that at least one copy of each issue of the paper is kept as a part of the files. He produced what he testified to be the original copies of the paper and read them into the record. He was not the editor at the time of the publication and had not at all times had charge of the files.

Objection was raised to this testimony as being hearsay. In the case of Ray v. State, 137 S. W. (2d) 1031, which is an appeal from Young County, the question came before us in a little different form, but with the objection that it was hearsay. In that record it was shown that the editor had made an affidavit and placed it on the record of the commissioner's court. The affidavit was admitted in evidence and it was held to be hearsay. In the instant case the editor comes into court to testfy as a witness and presents what he says is the orginial file showing the publication. We think this is distinguishable from the Ray case and that it is not an ex parte statement subject to the objection that it is hearsay, as was held in that case. This objection is overruled.

Bill of exception number two contains the following objection to the quoted evidence:

"That he walked into the Drug Store and told the defendant that he wanted 1/2 pint of gin and he following him back to the liquor room, *the* both went in there, and the defendant wrapped up witnesses liquor and while he was in there another man rushed in and said he wanted some whisky that he the witness paid for the gin he got, he gave the defendant a One Dollar bill and got thirty five cents in change. He knows where the 1/2 pint of gin is at this time, it is right there (pointing). That is the same gin he bought at the time and place from the defendant.

"To which testimony the defendant objected because the

same was prejudicial and was an attempt to prove an extraneous crime."

This objection was overruled by the court and the bill on the subject is approved.

Recognizing the law, as stated, that the State would not be permitted to prove an extraneous crime unless it comes within one of the exceptions to the rule, still we are unable to conclude that the bill shows error. In the first place, the objection is not directed to any particular part of the quoted testimony. Some part of it was certainly not subject to that objection. The trial court was not in position to exclude admissible evidence in order to sustain appellant's objection even though it also included evidence which was inadmissible. Neither are we in position to say the trial court erred. In the second place, the evidence as quoted merely states that, "while he was in there another man rushed in and said he wanted some whisky." It does not say that the witness testified appellant sold him any. Someone rushing in and saying he wanted some whisky shows no offense either by the party saying it or by the appellant himself. There is no statement that another sale was made and, consequently, no extraneous crime was shown. In the state of the bill there was no error.

Appellant's bill of exception number three shows no error, and the same is passed without discussion.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains in his motion because of the fact that the minutes of the commissioners' court of Young County in the year 1896 do not contain an entry showing that the then county judge of that county had designated a newspaper in which the order of the commissioners' court of that county declaring the result of the election held in that county should be published. He says that on account of the fact that such an order does not appear in said minutes, then that there is no valid law in such county prohibiting the sale of intoxicating liquors therein.

It is noted, however, as said in our original opinion, that there was proof made by an exhibition of four of the issues of the "Graham Leader" showing the publication of the order of the

commissioners court declaring the result and prohibiting the sale of such liquors in said county, and appended thereto is also shown the certificate of the then county clerk, a portion of such order being as follows:

"IT IS THEREFORE ordered that the sale of intoxicating liquors within the limits of Young County, Texas, be and the same is hereby absolutely prohibited except for purposes and under the regulations prescribed by law, until such time as the qualified voters therein at a legal election held for that purpose, by a majority vote, decide otherwise. It is further ordered by the Court that this order be published for four consecutive weeks in some newspaper published in Young County.

"THE STATE OF TEXAS

"COUNTY OF YOUNG

"I, A. T. Gay, Clerk of the County Court of said County, do hereby certify that the above and foregoing is a true and correct copy of an order passed by the Commissioners' Court of Young County at a special session of said Court, on the Eighteenth day of March A. D. 1896, as the same appears of record in Book 5, pages 165 and 166 of the Minutes of said Court.
"(SEAL) Witness my hand and seal of office, at Graham, Texas, this March 19, 1896.

"A. C. Gay

"C. C. C. Y. C. T."

We have heretofore held in the Holland Case, 51 Texas Cr. R. 147, 101 S. W. 1002, that a designation in the order of the commissioners court of a newspaper in which the court's order was to be published was sufficient upon which this appellate court might predicate its presumption that such newspaper was also designated by the county judge as the vehicle in which the publication of such order should be made. In that case we held:

"The general principle with reference to presumptions of this character is that it will be presumed in favor of judicial acts, x x x; that is, there is a disposition in courts of justice to uphold official and judicial acts rather than to render them inoperative; and with this view, where there is general evidence of acts having been legally and regularly done, to dispense with proof of circumstances, strictly speaking essential to the validity of those acts, and by which they were probably accompanied. See 2 Best on Evidence, p. 629, sec. 353, etc. In accordance with this rule we hold that it will be presumed in favor of the cer-

tificate by the county judge showing that publication was made in a certain paper that he (the county judge) selected same, although there are no apt words in the order directly stating that he did make the selection. The fact that he made publication in a certain named paper is tantamount to a selection, in the absence of some showing to the contrary; and the naming of the paper by the commissioners court does not antagonize or destroy this presumption."

Again in Johnson v. State, 52 Texas Cr. R. 624, we held:

"x x x The fact that the county judge certifies that such publication was made, in the absence of anything to the contrary, will be sufficient proof that same was made in a newspaper selected by him and under his direction."

We have also held in the Beaty Case, 53 Texas Cr. R. 432, 110 S. W. 449, that if the county judge had failed to make an entry in the minutes of the court showing the publication of the commissioners' court's order, that same could be proven by oral testimony. To the same effect is the holding in the Ezell Case, 29 Texas App. 521.

In this case, in the trial court there was actually presented the copies of the paper in which the order of the commissioners' court of Young County was published, which order bears evidence of its verity in the certificate of the county clerk. Under these circumstances we think it a fair presumption to say that this paper, the Graham Leader, was designated by the county judge as the newspaper in which the order of the commissioners' court was to be published. Especially is this so since the general rule is in favor of upholding judicial acts rather than to hold the same inoperative. It will be further noticed that this local option election was held in the year 1896, about forty-six years ago, and doubtless many of the officers connected therewith, as well as the voters therein, have gone the inevitable way of mortality, and we do not feel disposed at this time to declare this local option law to have been void all through the years of its observance, its temporary suspension during statewide prohibition, and its revival by constitutional enactment. We think we are authorized to and in the absence of any facts to the contrary we do presume that the Graham Leader was properly designated by the county judge as the newspaper for the publication of this order, and therefore overrule bill of exceptions No. 1.

Bill of exceptions No. 2 relates to the fact that the witness Allen was allowed to testify that while he was being waited on by appellant in the purchase of a bottle of gin, another party

came into this room and "said he wanted some whisky." There is nothing further shown in the bill as to whether he got any whisky or not, nor is it shown what the answer of appellant was to such request or statement. We see no error nor injury reflected in the admission of such testimony. All that occurred during this transaction seems to have been res gestae.

Bill of exceptions No. 3 seems to be based upon the fact that the witness who bought the bottle of gin was allowed to read the lettering on the label on this bottle before the jury, the objected to testimony being as follows:

"This bottle had this Federal stamp on it and the back reading Hiram Walker White Swan distilled dry gin, Peoria, Ill. 85 proof distilled and bottled by Hiram Walker, Peoria, Ill. 1/2 pint U. S. Internal Revenue Tax paid bottle stamp. Internal Revenue distilled spirits 1/2 pint."

The major objection directed to this testimony being that such label was not placed thereon by appellant and was not the best evidence to prove that "the bottle contained liquor prohibited by law."

We think the bottle as well as its contents were admissible, regardless of what its label showed. The witnesses testified that the bottle sold by appellant contained gin, and we judicially know that gin is an intoxicant. See 17 Tex. Jur., p. 241, and a large number of cases there cited. It will also be noted that Art. 666-3a Vernon's P. C. denominates "gin" as an alcoholic beverage and the record shows that the State's witness testified that he asked appellant for one-half pint of gin, and that he was given by appellant one-half pint of gin, and paid him for same.

We perceive no error in this record, and the motion is overruled.