## APRIL 30, 1941

I. B. BURNS, JR., V. THE STATE.

No. 21572. Delivered April 30, 1941.

The opinion states the case.

*Owen & Bohannon* and *Conner Scott,* all of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

HAWKINS, Presiding Judge.

Conviction is for possessing whisky for the purpose of sale

in Brown County, a dry area; punishment assessed being a fine of $100.00.

An employee of the Texas Liquor Control Board searched appellant's car and found six pints of whisky in a paper sack on the front seat of the car between appellant and a woman who was with him.

Appellant objected to the officer relating before the jury what he found in the car on the ground that he had no search warrant. Upon said objection being interposed the careful trial judge had the jury retired and heard evidence as to information which had come to the officer and upon which he acted. We think it unnecessary to set out the information but entertain no doubt that the officer had probable cause authorizing the search of appellant's car. See Cothren v. State, 136 Texas Criminal Rep. 463, 126 S. W. (2nd) 32, and authorities therein cited.

Bill of exception No. 4 presents a serious question. The court charged on prima facie evidence as follows:

"You are also instructed that when a defendant is charged with possession of whisky for the purpose of sale, proof of possession of more than one quart is prima facie evidence that same was possessed for the purpose of sale. 'Prima Facie Evidence' means evidence upon which the jury may find a verdict unless the same is rebutted by other evidence, in other words, prima facie is not conclusive, but may be overcome by evidence to the contrary, and such evidence is to be weighed along with all the other evidence in the case and in connection with the reasonable doubt and presumption of innocence which obtain in favor of the defendant in all criminal trials."

It is certified in said bill of exception that appellant did not testify and that he offered no evidence whatever and that he "was the only person who could have testified * * * as to what purpose the whisky could have been possessed for," and that when the county attorney was making his opening argument and in discussing the foregoing instruction he said: "There is no evidence rebutting the presumption that defendant had this whisky for sale, and the evidence is silent as to what purpose the whisky was there for if it wasn't there for sale." Objection was interposed to said argument on the ground that same constituted a comment on the failure of defendant to testify in contravention of Article 710, C. C. P. The court qualifies the bill by stating that appellant had put no witness on the stand although a woman by the name of Sadie Ricker was in the car with him at the time the officer found the whisky. There is

nothing in the record to show when the woman got in appellant's car, whether she was with him when he got possession of the whisky, or had any knowledge that the whisky was in the paper sack, or what appellant intended to do with it. It does not occur to us that simply calling attention to the presence of the woman in appellant's car was a repudiation by the trial court of the direct certification found in the bill that appellant was the only person who could have testified as to his purpose in having possession of the whisky.

We reaffirm the rule announced in Boone v. State, 90 Texas Criminal Rep. 374, 235 S. W. 580, that before an indirect allusion to the failure of an accused to testify will come within the inhibition of Article 710, C. C. P., the "implication must be a necessary one: that is one that cannot reasonably be applied to the failure of the accused to produce other testimony than his own. Where there is other evidence or the absence of other evidence to which remarks may reasonably have been applied by the jury the statute is not transgressed." See, also, Kennington v. State, 120 Texas Criminal Rep. 192, 49 S. W. (2d) 776, and cases cited in that opinion. Giving application to the rule stated, we are unable to escape the conclusion that the statute (Article 710, C. C. P.) was transgressed in the present instance. Calling attention of the jury to silence in the evidence of a fact upon which the bill certifies that appellant alone could speak seems necessarily a reference to his failure to speak.

As a precaution we again call attention to the statement in the opinion in Gothard v. State, 99 Texas Criminal Rep. 452, 270 S. W. 177, as follows:

"* * * Where a defendant has not testified himself nor offered any defensive testimony whatever it would be well for counsel representing the state to confine himself to a discussion of the evidence introduced by the state, and not allude to defendant's failure to produce evidence, unless it is apparent from the record that evidence other than his own was available which he neglected to bring before the jury."

For the error mentioned, the judgment is reversed and the cause remanded.