ASCENCION LUEVANOS V. STATE.

No. 25,941. June 28, 1952.
Rehearing Denied October 29, 1952.

Hon. Roy D. Jackson, Judge Presiding.

*Galvan and Galvan and McGovern, Jr.* by *Robert J. Galvan and Hugh J. McGovern, Jr.,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Jack N. Fant,* First Assistant District Attorney, and *Owen H. Ellington,* Assistant District Attorney, El Paso, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was assessed a penalty of ten years in the penitentiary on a charge of sodomy.

Appellant, a nineteen year old boy of Mexican descent, lived in El Paso making his home with an aunt. At the same time, he was enlisted in the service and stationed near the city. He was on leave and visiting in the home of his aunt, who lived neighbor to the injured party whose mother testified in the case. The victim, a boy five and a half years of age, was not permitted to testify and the state relied upon the res gestae state-

ments of the child as related to the jury by the mother. It will not be necessary to state the revolting facts. Even though circumstantial in nature, the evidence is amply sufficient to sustain the jury verdict. In addition to that, a written confession was introduced in evidence, the voluntary nature of which was not challenged. Appellant testified in his own behalf and gave a story quite different from that revealed by the written confession.

The first Bill of Exception complains of the failure of the court to permit the appellant to plead guilty before him without a jury. The qualification to the bill places a different light on this to that recited in the bill and we must be guided by the bill in the light of such qualification. No error is shown by the bill.

Bill of Exception No. 2 presents a claim that the evidence is insufficient. We cannot sustain this contention.

Bill of Exception No. 3 presents no question requiring consideration.

Reliance for reversal of the case is had chiefly on Bill of Exception No. 4. Appellant was testifying in his own behalf. He had applied for suspended sentence and had given testimony in support of this plea. The district attorney asked him about being absent without official leave from the Air Force. As we understand the qualification embraced in the court's approval of the bill, the several questions asked on the subject were proper cross-examination on matters testified to by him in chief. If any such questions were immaterial or harmful, they are not particularly pointed out by the bill and we could not tell whether complaint is made of one particular question or as to the result of a group of questions. The bill is therefore indefinite. The trial court was certainly correct in a portion of his rulings, and we are not in position to say from the bill that the complaint was directed at any question which might be inadmissible. The bill cannot be sustained.

We find no ground for reversal and the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

In our original opinion, we stated that the voluntary nature of the confession was not challenged. In this, we were in error. We have again reviewed the evidence and are of the opinion that the jury was warranted in finding against the appellant's contention that the same was involuntary. We find the evidence sufficient to support the verdict.

We have again carefully reviewed appellant's formal bills of exception Nos. 4 and 5 and informal bills Nos. 2, 3, and 5, inclusive, all directed to cross-examination of the accused concerning prior acts of misconduct.

The sole objection leveled at this cross-examination was that the matters there elicited were immaterial.

The generality of the objections were, upon their face, obvious, for they fail to point to any specific grounds whereby the testimony could be appropriated by the jury upon any material issue in the case or to appellant's injury. The objections being insufficient, the bills of exception must be appraised in that light, and, when so appraised, no error is shown.

Appellant's motion for rehearing is overruled.