WILLY EVANS V. STATE

No. 29,357. January 8, 1958.

428

R. E. *Murphey*, Coleman, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is transporting beer in Brown County, a dry area; the punishment, a fine of $200.

It was stipulated that Brown County was a dry area, and the evidence shows without dispute that appellant was driving an automobile in said county when the sheriff stopped and searched the automobile and found in it six cases of beer, each containing twelve quarts, and ten twelve ounce cans of beer.

The points assessed as error all relate to the court's charge and to the submission of the defense under Subdivision 1 of Art. 666-23(a) V.A.P.C. which reads:

"It is provided that any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

The court has held that this provision is an exception to the application of Art. 666-4 V.A.P.C. and the accused, to receive its benefits, must bring himself within the exceptions set forth. Brooks v. State, 154 Texas Cr. Rep. 512, 228 S.W. 2d 862.

An examination of the statement of facts reveals no evidence upon which the jury could base a finding that appellant purchased the beer for his own consumption, or that he was transporting it from a place where the sale thereof was legal. For both reasons, appellant failed to bring himself within the ex-

ception contained in Art. 666-23(a), Sec. 1, V.A.P.C., above quoted.

As in Staley v. State, 154 Texas Cr. Rep. 546, 229 S.W. 2d 170, appellant's testimony was to the effect that the beer was intended for consumption by friends and invitees at a barbecue, as well as for his own consumption. We held in Staley v. State, supra, that the phrase "own consumption" as used in Art. 666-23(a), Sec. 1, V.A.P.C., does not authorize transportation of intoxicating liquor in a dry area for use by one's friends and visitors, and that one transporting liquor for such purpose was not entitled to a charge to the effect that possession of whisky in a dry area was unlawful only where possessed for the purpose of sale.

Appellant, not having brought himself within the terms of the exception, was not entitled to a defensive charge thereunder, It follows that the form in which the trial court submitted such charge is not reversible error under Art. 666 C.C.P.

The judgment is affirmed.