ARTHUR FRANKLIN MILLER V. STATE

No. 29,516. February 5, 1958.

Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 12, 1958.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Charles C. Castles* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for fondling the sexual parts of a boy under the age of fourteen years, with punishment assessed at ten years' confinement in the penitentiary.

The prosecuting witness made a complete case for the state when he testified that in November of 1956, at appellant's request, he went to appellant's apartment and that, while there, appellant fondled his sexual parts and committed an act of oral copulation upon him.

The witness testified appellant committed some thirteen or fourteen such acts upon him from the time they began until the filing of the indictment in this case, which was on June 7, 1957.

Another witness, a twelve-year-old boy, testified that he once witnessed appellant commit an act of oral copulation upon

the prosecuting witness and that on the same occasion appellant handled his (the other witness') private parts and committed an act of oral copulation upon him.

The prosecuting witness was permitted to testify that he saw appellant fondle the privates of the twelve-year-old boy and engage in an act of oral copulation upon him.

Testifying in his own behalf, appellant denied the acts about which the witnesses testified.

No formal bills of exception appear.

The statement of facts reflects that appellant registered an objection to proof of the acts committed upon the twelve-year-old boy, but nowhere are the grounds of objection pointed out. The objection, therefore, is deemed insufficient to preserve for review the admissibility of the testimony.

Appellant made no objection to proof by the state, upon the presentation of its case in chief and before the appellant had testified, that he had a bad reputation for being a peaceable and law-abiding citizen. The admissibility of such proof is not deemed before us.

The judgment is affirmed.