JOSE GUAJARDO V. STATE.

No. 30,927. October 28, 1959.
Motion for Rehearing Overruled December 9, 1959.

*Nago L. Alaniz,* San Diego, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

: ' "The offense is the possession of marihuana; the punishment, 30 years.

Officer Martinez, a San Antonio policeman who was on detached service with the Texas Department of Public Safety working undercover in the city of Kingsville during the course of a narcotic investigation, testified that as he was seated in a pool hall, and after he had let it be known that he was in the market for marihuana, the appellant approached him and asked, "Are you looking for some griefer (marihuana)?" and that the two of them stepped outside where some teenage boys motioned the appellant to come to their automobile. He testified further that as the appellant returned from the automobile he stated that he had made a sale to the boys and then proceeded to sell two cigarettes to the witness for one dollar. Appellant was not arrested until some two weeks later when a number of men were rounded up on narcotic charges. It was shown by expert testimony that the two cigarettes in question contained marihuana.

The appellant, testifying in his own behalf, claimed that he had made a written confession because of police brutality, denied that he had sold anything to Martinez and, in addition, was asked by his own counsel the following question, "Have you ever sold marihuana?" to which he replied, "No sir."

The officers were called in rebuttal and denied the brutality assigned to them, though the confession was never introduced.

Appellant called two reputation witnesses.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced in appellant's brief.

The witness Martinez was called in rebuttal on the question of brutality but was also asked if he had other meetings with the appellant besides the one which occurred on the day charged in the indictment, and he replied that he had and gave the dates. He was then asked if he had purchased marihuana from the apppellant on such dates. Appellant's objection to such question was sustained, and the jury was instructed not to consider the question. The witness was then asked if a warrant had been issued for the arrest of the appellant as a result of such meetings, and he answered in the affirmative. The court stated that he was admitting such evidence and limiting the same to the question of the credibility of the appellant, who had testified

that he had met the appellant only once, and that on the day of his arrest, and so limited the same in his charge.

We have concluded that, though not admissible originally, the appellant is in no position to complain of the evidence under the holdings of this court in Orozco v. State, 164 Texas Cr. Rep. 630, 301 S.W. 2d 634, and that of the Supreme Court of the United States in Waelder v. U. S. 347 U. S. 62, 72 Sup. Ct. 354, 98 L. ed. 503, when he testified on his direct examination that he had never sold or used marijuana.

The testimony concerning the teenage boys was clearly admissible as part of the res gestae, was admitted without objection, and we find no error in its admission.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

DICE, Judge.

In our opinion on original submission we held that in view of the appellant's testimony on direct examination that he had never sold or used marijuana the testimony given by Officer Martinez on rebuttal that as a result of his other meetings with appellant a warrant had been issued for appellant's arrest was admissible. In such holding we were in error as evidence of the issuance of a warrant for appellant's arrest would not constitute proof that he had sold or used marijuana. In refuting appellant's claim that he had never sold or used marijuana and for the purpose of impeaching him it was incumbent upon the state to show by competent evidence that he in fact did sell or use marijuana or that he had admitted having done so. The fact that he had been charged with the commission of an offense was not admissible for the purpose of impeachment under the provisions of Art. 732a, V.A.C.C.P. unless the appellant had been finally convicted for such offense.

While the testimony of Officer Martinez was subject to the objection that it was not shown that appellant had been finally convicted for such other offense the record reflects that appellant made no objection to the testimony on that ground but objected only on the ground "that the State is trying to prove up some other offense other than the particular crime in which the defendant is charged." Under the record and authorities

cited in our original opinion evidence was admissible to show that appellant had sold or used marijuana for the purpose of impeaching him even though it did show that he had committed another offense. In the absence of a proper objection to the testimony, no reversible error is shown. Miller v. State, 166 Texas Cr. Rep. 43, 310 S.W. 2d 337.

The motion for rehearing is overruled.

Opinion approved by the Court.