## JAMES HAMILTON JOHNSON V. STATE

No. 31,638. April 13, 1960

*Burks, O'Connor & Brister,* by *Edwin M. O'Connor III,* Lubbock for appellant.

*William J. Gillespie,* County Attorney, by *J. Q. Warnick, Jr.,* Assistant County Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is transportation of whiskey and beer in a dry area; the punishment, 90 days in jail and a fine of $400.00.

Our prior opinion dismissing this appeal is withdrawn.

Lieutenant Kirk of the Lubbock police testified that he observed appellant crossing the street from the direction of his

home and in the direction of the Silver Queen Cafe ("a place where they congregate to play the jukebox and drink and so forth") where he was employed, carrying a package in his hand; that he drove to a spot near appellant, saw appellant set the package down on the ground near a parked automobile, picked up the package, ascertained that it contained three quarts of beer, and then approached appellant and searched his person, which search revealed four half-pints of whiskey. Sergeant Eller corroborated his testimony.

Appellant, testifying in his own behalf, stated that he had gone to Big Spring on the day in question and purchased the intoxicants which the officers found for the purpose of having a party "over at Wherar's house."

Two questions are brought forward for review. Appellant complains of the portion of the court's charge in which he gave application to Section 1 of Article 666-23a, V.A.P.C. We have concluded that, even though erroneous, appellant may not complain of the charge because the defense provided in such section was not raised by appellant's testimony. He stated, "We had planned the party for sometime and *they* asked me would I bring it and I said 'yes.' " He said that there were going to be six or eight men and women at the party but did not name them. The last expression of this court on this question seems to be found in Staley v. State, 154 Tex. Cr. Rep. 546, 229 S. W. 2d 170, where this court said:

"In these cases we have given quite a liberal construction to the meaning of the phrase 'own consumption.' It seems to have been extended to authorize the transporting of whisky for other members of the family, but we have declined to construe the language to include a neighbor's mother-in-law, *or as an accommodation to others.* See Pratt v. State, 151 Tex. Cr. R. 326, 207 S. W. 2d 395. Further than this we believe we would not be justified in extending the rule."

We are bound by the holding in Staley and hold that appellant's testimony does not raise the issue that he had the intoxicants for his "own consumption."

Appellant objected to the fruits of the search of his person. It is clear from the officer's testimony that he had ascertained the contents of the package which appellant had placed on the ground before the search was made of his person, which fact

distinguishes this case from those upon which appellant relies. Section 2 of Article 666-4 authorized appellant's arrest and the incident search of his person.

The judgment is affirmed.