## Connie Erwin v. State

No. 33,497.   June 7, 1961
Motion for Rehearing Overruled October 18, 1961

*Tunnell, Bullock & Jeffus,* by *Byron M. Tunnell,* Tyler, for appellant.

*Weldon Holcomb,* Criminal District Attorney, *Henry L. Mc-Gee, Jr.,* Assistant Criminal District Attorney, Tyler, and *Leon Douglas,* State's Attorney, Austin, for the state.

McDONALD, Judge.

Appellant was convicted in the county court of Smith County of the offense of transporting an alcoholic beverage, to-wit, wine, in a dry area.   The case was tried before a jury and a verdict

of guilty was rendered, with punishment assessed at six months in jail and a fine of $500.

The testimony of witnesses for the state and for appellant reflects that Deputy Sheriff Williams and Everett were patrolling the Van highway beyond the "Loop" from the city of Tyler when they observed appellant, accompanied by a man by the name of J. W. Lacy, driving a pickup truck and entering the highway from a farm-to-market road "that comes off the Mineola and Van highway."

Officer Williams testified: "Well, I had the information that he was transporting, coming in out * * *."

The officers stopped appellant, who, with Lacy, got out of the truck and met the officers about half-way between the truck and the officers' car. The officers walked up to the truck, looked in, and found "a load of cased wine and stuff," being "fifteen cases of wine, ten cases of quart beer, and about ten half-pints of whisky in a paper sack."

Appellant was put in the patrol car and was taken by Officer Williams into Tyler to the sheriff's office. Officer Everett, with Lacy, drove the pickup there. The officers unloaded "all that stuff" and filed on appellant for transporting wine.

It was appellant's testimony that he had been to Kilgore, where he purchased the wine in question for the consumption of his farm hands, and that, when stopped by the officers, he was going back to his home in Tyler, Smith County.

By brief and oral argument, appellant's very able counsel urges his contentions. The record contains twenty-one formal bills of exception and numerous informal bills.

By his first bill of exception, appellant contends that the trial court erred in overruling his exceptions and objections to the court's charge, for the reason that the court failed "to charge the jury relative to the defensive matter and issue in this case," and further complaint is made of the failure of the court to "instruct the jury relative to all of the issues involved in this case" and "to submit to the jury the defensive issues raised."

After carefully reviewing the evidence, we find that appellant failed to introduce evidence upon which the jury could base

a finding that he purchased the wine found in his pickup truck for his own consumption and that he was transporting it from a place where the sale thereof was legal.

Appellant failed to bring himself under the terms of Art. 666-23a (1), which makes it lawful to transport intoxicants from a place where the sale thereof is legal to a place where the possession thereof is legal.

The evidence does not reflect the wet or dry status of Kilgore, and, at best, is conflicting as to appellant's own testimony as to whether the consumption was to be by him or by his employees. Davis v, State, 318 S.W. 2d 668; Johnson v. State, 334 S.W. 2d 305.

Appellant next complains of the trial court's refusal to require a state's witness to furnish a copy of what is referred to herein as a "Poop Sheet," explained as being a written form completed at the time of appellant's arrest and setting out some of the details of the case, including appellant's name, the offense with which he was charged, the date of the offense, and facts indicating the commission of the offense for which he was arrested.

When request for the "poop sheet" in question was made by appellant's counsel, the witness did not have such sheet in his possession, nor was he using any notes or memoranda therefrom, the witness's only statement concerning this being that the sheet was seen by him after its completion and that it was "fixed up" by him and another person referred to as "Bill".

The right to see a document or writing does not obtain when such writing is not used by the state before the jury in some way so as to make the contents thereof an issue. Chandler v. State, 60 Tex. Cr. Rep. 329, 131 S.W. 598; St. Clair v. State, 104 Tex. Cr. Rep. 423, 284 S.W. 571; Avery v. State, 135 Tex. Cr. Rep. 557, 121 S.W. 2d 992.

Appellant contends that the trial court erred in overruling the objection to the testimony of the state's witness Jernigan, to the effect that Smith County was a dry area.

We find no error in the action of the trial court in overruling the objection. Any harm that was done was cured by the sub-

sequent testimony proving Smith County to be, in fact, a dry area.

Appellant contends that the state failed to prove that Smith County was a dry area and that the trial court erred in over-ruling his motion for an instructed verdict of "not guilty."

The record reflects that the county clerk of Smith County testified directly from the commissioners court records and read, completely, the order requiring the election prohibiting the sale of wine, the order declaring the results of said election, and the publication of the resuts of the election, giving the volume and page number of the minutes of the commissioners court wherein each of the orders appeared. The clerk testified that since the date of that election there had been no election declaring Smith County a wet area.

It is to be noted that all this testimony was read into the record without objection.

In the absence of a timely objection to the reading of a document to the jury, the parol and best-evidence rules have no application. Testimony read into the record without objection is tantamount to the introduction of the documents from which the testimony was taken. Hillman v. State, 103 Tex. Cr. Rep. 603, 281 S.W. 874; 18 Tex. Jur., Sec. 230, p. 363.

The state here discharged its duty in showing the dry status of Smith County.

We shall not separately discuss the remaining bills of exception.

Appellant complains of the identification of the fifteen cases of wine, of the testimony as to the label, "Gypsy Rose," on the bottles of wine, and of the making of the search, complaining that the wine was found as a result of an unauthorized search. Objection was also made to the reading by a witness from the label, and of the action of the court in admitting into the evidence state's exhibits 1 through 15, which were the fifteen cases of wine. The objection was that proper predicate had not been laid to the introduction into the record "as it stands at this moment."

We think the chain of custody of the wine in question was

properly shown and that no error was committed in allowing the various state's witnesses to testify as to the contents of the bottles. By his own testimony, appellant seems to have removed any doubt as to the contents being wine.

In Dixon v. State, 159 Tex. Cr. Rep. 258, 262 S.W. 2d 488, this court held, the prosecution being for unlawfully possessing whisky and other alcoholic beverages for the purpose of sale in a dry area, that an officer's reading to the jury labels on bottles of beer and whisky claimed to have been found in and about appellant's house was not error when the appellant objected on the grounds of hearsay. See: Ferguson v. State, 133 Tex. Cr. Rep. 250, 110 S.W. 2d 61, and Dabney v. State, 141 Tex. Cr. Rep. 16, 146 S.W. 2d 1000.

We overrule appellant's contention that "proper predicate has not been laid." The testimony shows that the wine was placed in the custody of the district attorney at the courthouse and properly labeled at the time, by written identification on the cases, and that the bottles were those found at the scene. There is no showing that anyone other than the officers ever had the wine in custody. Johnson v. State, 319 S.W. 2d 713.

In disposing of the last contention made by appellant, being that the wine was found as a result of an unauthorized search, we think that the officers had probable cause to search appellant's pickup truck. Burns v. State, 141 Tex. Cr. Rep. 557, 150 S.W. 2d 384. Furthermore, appellant admitted possession of the wine, by his own testimony.

Finally, we conclude that had the search resulting in the finding of the wine been unauthorized it was incumbent upon appellant to have objected to the evidence when it was offered —that is, to the introduction of the fifteen cases of wine. McCormick and Ray, Vol. 1, 2d Edition, Sec. 473.

Finding the evidence sufficient to sustain the jury's verdict, and finding no reversible error, the judgment is affirmed.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant strenuously argues that reversible error is reflected by the answer of Officer Williams to the question as to why he

was on the particular highway at the time in question wherein he stated that he "had information that he (appellant) was transporting, coming in out * * *." Appellant leveled only a general objection, and immediately thereafter the jury was retired and upon their return the matter was not again alluded to. "I object to that question and the answer," which was the only objection made in the case at bar; is not sufficient to preserve error under the holdings of this Court in McGee v. State, 155 Tex. Cr. Rep. 639, 238 S.W. 2d 707; Luevanos v. State, 157 Tex. Cr. Rep. 623, 252 S.W. 2d 179; Wade v. State, 275 S.W. 2d 665; Ritchie v. State, 164 Tex. Cr. Rep. 38, 296 S.W. 2d 551; and Miller v. State, 166 Tex. Cr. Rep. 43, 310 S.W. 2d 337.

Appellant further asserts that we were in error in holding that the court did not err in failing to respond to his demand that he be shown a certain document, not then in the possession of the witness, but from which he had refreshed his memory at some undisclosed time in the past. There is no showing in this record as to what information was contained in the memorandum or that it in any way conflicted with the testimony the witness had given. Attention is directed to the holdings of this Court in Angle v. State, 165 Tex. Cr. Rep. 305, 306 S.W. 2d 718; Blum v. State, 166 Tex. Cr. Rep. 541, 317 S.W. 2d 931; and Nisbet v. State, 336 S.W. 2d 142.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.