**Zane Leonard EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41984.**

Court of Criminal Appeals of Texas.

July 9, 1969.

Rehearing Denied Oct. 22, 1969.

Tom Upchurch, Jr., Amarillo, for appellant.

Guy Hardin, Dist. Atty., Pampa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION ON MOTION TO REINSTATE APPEAL

DOUGLAS, Judge.

An appeal was dismissed for lack of a sentence; the record now contains a sentence and the appeal is reinstated.

The conviction is for robbery by assault; the punishment, ninety-nine years.

This is a companion to the case of Burton v. State, Tex.Cr.App., 442 S.W.2d 354. The evidence is substantially the same as that in the Burton case and is sufficient to support the conviction.

In the first ground of error, appellant contends that he was denied a speedy trial, because he was arrested June 18, 1966, and was not tried until June 17, 1967. The record reflects that on March 3, 1967 appellant asked for a severance and for Burton to be tried first. After this, according to the testimony of his former attorneys, he still did not ask for a trial. James Bowers, an attorney, testified that he talked to Burton and to appellant at different times during a period of sixty to ninety days about getting their bonds lowered, and a speedy trial was not requested. At the hearing on the motion for new trial an instrument titled "Motion To Dismiss Indictment", personally prepared by appellant, was admitted. The motion was neither filed nor called to the attention of the district attorney or the judge.[1] The instrument is not dated, but it contains a statement showing that it was completed on or after April 14, 1967. The record shows that appellant was tried the day immediately after the trial of Burton. Absent a request for a trial and a showing of injury, no error is shown.

Complaint is made that appellant was questioned after his arrest and was not warned of his right to counsel.

The record reflects that appellant was arrested and brought to the sheriff's office at approximately 4:35 P. M. Some thirty minutes later he called James Bowers and counseled with him at the sheriff's office at approximately 8:45 P. M. In the meantime, appellant had been warned of his rights between 6:00 and 6:30 P. M. by a justice of the peace.

No confession was taken during the time complained of. He was advised of his rights. No injury is shown. The second ground of error is overruled.

In the third ground of error it is contended that appellant was identified at the jail with no other parties present and that he had not been advised of his right to counsel or the right not to bear witness against himself. Appellant relies upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178. These cases are not controlling, because the identification occurred on July 20, 1966, approximately a year before they were decided. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, held that Wade and Gilbert were not to be applied retrospectively.

Larry Blair testified that several hours after the robbery he did not identify appellant as being the robber; that later he made an identification of the appellant. Then, during further direct examination, the following transpired:

"Q. (Mr. Waters) In making your identification, state whether or not the man whom you identified was at the time of your identification of him wearing this hat and coat?

MR. HOLT: Your Honor, we want to object to this, and—Bill, do you want to come up here?

(A discussion was had between the Court and Counsel off the record and out of the hearing of the Jury).

"Q. (By Mr. Waters) Did you on Monday following the robbery indentify and point out the man who robbed you?

"A. Yes.

"Q. Can you point him now today for this Jury?

"A. Yes.

---

1. Appellant could have presented the matter before the hearing on the motion for new trial. He was experienced in criminal law as shown by the well prepared "Motion to Dismiss Indictment" and his record. His Federal and State convictions were for interstate transportation of a stolen motor vehicle in 1953; attempted burglary while armed with a pistol in North Dakota, 1957; burglary in the second degree in Oklahoma, 1960; burglary in Lamb County, Texas, January, 1963; and burglary in Parmer County, Texas, February, 1963.

"Q. Point him out, Larry.

"A. This fellow over here.

"Q. You are pointing to the Defendant, Zane Leonard Evans?

"A. Yes, sir.

"Q. Is there any doubt in your mind, Larry, about this being the man that robbed you on the date you have testified about?

"A. No, sir.

"Q. You are positive of that, are you?

"A. Positive."

On cross-examination Blair testified that he could not identify appellant's face four or five hours after the robbery; on redirect he testified that the first time he saw appellant with the hat and coat on he identified him as the robber;[2] that he was hesitant in making the identification, because he wanted to be certain.

■ There was no objection to the testimony that Blair identified appellant. There was no motion to strike the testimony; no complaint was made until the motion for new trial was filed. A timely objection to the identification should have been made at the first opportunity. Lucas v. State, Tex.Cr.App., 444 S.W.2d 638; Evans v. State, Tex.Cr.App., 444 S.W.2d 641.[3]

The record does not show that appellant was forced to say anything or give evidence against himself. No reversible error is shown; the third ground of error is overruled.

In the fourth and sixth grounds of error it is contended that appellant's court appointed attorney withdrew and the attorney at the trial did not enter the case until one week before the trial; and, if counsel had been appointed earlier, said counsel would have "in all likelihood" moved for a change of venue.

The record reflects that appellant called an attorney, James Bowers, and counseled with him the day of the arrest and he continued to counsel with appellant until after the indictment was returned. Appellant was attempting to hire Bowers to represent him. When it was made known to the court that appellant could not employ counsel, Harold Comer was appointed and was later released. Jean Martindale was appointed at least two months before the trial. David Holt was appointed seven days before the trial and was assisted at the trial by Martindale.

Appellant had counsel more than ten days,[4] in fact months, before the trial began. No error is shown. The fourth and sixth grounds of error are overruled.

■ In the fifth ground of error appellant complains that he was tried by the same jury panel that tried Burton the day prior to his trial.

There is no showing that any objection was made because the jury was drawn from the same jury panel. No claim is made that any juror who served at Burton's trial sat during appellant's trial. No re-

---

2. In Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021, cited in United States v. Wade, supra, the Supreme Court held that it was not error to compel one to put on a blouse, and then for a witness to testify it fit him.

3. The objection was after the answer that Blair had identified appellant. Later when it was asked if the identification was made while he was wearing the hat and coat counsel stated, "We want to object to this." Where no objection is made until after the answer no reason is assigned for the delay and no request to withdraw the testimony, no reversible error is presented. James v. State, 169 Tex.Cr.R. 526, 335 S.W.2d 603. The objection, when made, did not set out any grounds and cannot be considered. Miller v. State, 166 Tex.Cr.R. 43, 310 S.W. 2d 337.

4. Article 26.04, V.A.C.C.P., requires that appointed counsel shall have ten days to prepare for trial.

versible error is shown, the fifth ground of error is overruled.

■ It is contended in the seventh ground of error that Peggy Ryan was his common-law wife and her testimony should not have been used against him. Peggy Ryan testified that at the time of the offense she was married to Les Baker, and was not divorced from him until August of 1966; that she was never married to, or cohabited with appellant as man and wife.

Henry Burton, the co-defendant, testified that appellant and Peggy Ryan registered at a motel and cohabited as man and wife and had stated that they intended to have a church ceremony. The testimony of Burton would only show an illicit relationship between appellant and Peggy Ryan.

If the evidence had raised an issue of a common-law marriage, the failure to complain that the issue was not submitted to the jury or request that it be submitted, waived the error. Krzesinski v. State, 169 Tex.Cr.R. 178, 333 S.W.2d 149.

There being no reversible error, the judgment is affirmed.

WOODLEY, P. J., not participating.