**Jerrell Herbert NORMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44788.**

Court of Criminal Appeals of Texas.

May 3, 1972.

Rehearing Denied June 14, 1972.

James L. Norton, King C. Haynie, Houston (On Appeal Only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George M. Karam, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, four (4) years.

Appellant's first ground of error is "[T]he trial court erred in not granting defendant's motion for the suppression of the evidence relating to the illegal search and seizure as a result of apprehension of the defendant on a traffic violation."

We have examined the record and find that no pretrial motion to suppress was filed. The record reflects that the sole objection interposed at the time the marihuana was introduced into evidence was that it had not been properly identified. Appellant did not raise any question concerning the illegality of the search at the time the evidence was introduced. A timely objection to the admission of evidence is required in order to preserve the question for review. Appellant's objection to the propriety of the search, first presented to the court in the form of a motion to suppress while the defense was presenting its case, was clearly not timely and, consequently, presents nothing for review. Northcutt v. State, Tex.Cr.App., 478 S.W.2d 935 (1972); Bitela v. State, Tex.

Cr.App., 463 S.W.2d 738; Erwin v. State, 171 Tex.Cr.R. 323, 350 S.W.2d 199.

Additionally, testifying in his own behalf, appellant admitted possessing the matchbox in which the marihuana was found but claimed that it had been handed to him by a man named John George, whom he did not know, with instructions to hold it for him (George). He admitted that he carried the matchbox which he, himself, wrapped in cellophane and kleenex for a day but denied knowing what it contained. He also admitted that he shifted it from one pocket to another after being stopped for a traffic violation, because "I realized at that time that it might be some kind of an illegal drug." No John George was called as a witness.

Irrespective of appellant's untimely objection to the introduction of the evidence, it is apparent from the appellant's testimony that he admitted committing a traffic violation immediately prior to his arrest, and admitted moving a container which he suspected to be "illegal drugs" from one pocket to another in the presence of the police while they were in the process of searching his automobile. The search of his person was clearly authorized under this situation.

Appellant's second ground of error is that the court erred in failing to grant a mistrial because certain witnesses violated "the rule." The ground of error is not briefed in compliance with Article 40.09, Sec. 9, Vernon's Ann.C.C.P., and presents nothing for review. However, we note that the patient trial court listened to testimony concerning an exchange between persons who were purportedly witnesses which occurred in the corridor outside the courtroom. At most, all that the appellant was able to develop was that one witness called the other "stupid" while the other called someone "crazy." No violation of the rule has been shown.

Appellant next contends that the trial court erred in refusing to permit him

to call a witness in rebuttal after both sides had rested. There is no showing, other than the statement of counsel, concerning what such witnesses' testimony would have been had the court permitted them to be called. No error is shown.

Finding no reversible error, the judgment is affirmed.