**Herman Patrick CONNALLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45963.**

Court of Criminal Appeals of Texas.

Feb. 21, 1973.

Rehearing Denied April 18, 1973.

Stanley Weinberg, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appeal is taken from a conviction for the offense of burglary of a private residence at night. Punishment was assessed at twenty years' confinement.

Appellant raises four grounds of error.

The first two such allegations concern the legality of the search of appellant at the time of his arrest. No physical evidence was introduced at the trial although testimony was heard concerning the items recovered as a result of the search. At no time during the trial was any objection made regarding the legality of the search. Nothing is presented for review. Norman v. State, 480 S.W.2d 659 (Tex.Cr.App.

1972); Northcutt v. State, 478 S.W.2d 935 (Tex.Cr.App.1972).

 Appellant also complains that the trial court erred in admitting testimony as to the bad reputation of appellant at the penalty stage of the trial. Specifically, the complaint is that three Dallas police officers who so testified were not properly qualified to give such testimony, since their opinions were not shown to have been gathered beyond discussions of the alleged offense for which appellant was being tried. See Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971). However, the record reflects that the testimony elicited from these officers does not substantiate appellant's contention. Further, no objection to these officers' testimony was voiced. Again the record before us presents nothing for this Court to review.

 Appellant challenges the sufficiency of the evidence. A Mr. Palluth testified that he resided in an apartment house in Dallas, and that on October 20, 1970, he left Dallas on a trip after locking all windows and doors. He gave no one permission to break or enter his residence nor to take any of his personal property. Palluth further testified that after receiving a call from the Dallas police on October 22, 1970, he returned to Dallas to discover a broken window on the patio of his apartment and drawers pulled open and blood on the pillow cases. Credit cards, a watch and some jewelry were found missing. Palluth related that he later went to the police station, identified and claimed his missing property.

A neighbor of appellant testified that at approximately 4:00 a. m. on October 22, 1970, she heard a noise from the apartment above, Palluth's, that sounded like glass breaking and she also heard someone walking around in the Palluth apartment. Since she knew the Palluths were out of town, she called the police.

One police officer testified that he arrived at the apartment building and found appellant on a stairway leading to the upstairs apartments. The officer searched appellant and found an assortment of credit cards and jewelry. The credit cards were issued to a Mr. Palluth, and the officer observed a cut on appellant's hand, which was wrapped in a towel. After arresting appellant, Palluth's apartment was examined and several drawers and doors were found open. In the bedroom, the police observed an empty billfold and identification packet on the bed. There were bloodstains on the sheet, and a window was broken.

At the time appellant was arrested, he told the officers that his name was Earl Raymond Phelps and that he had been in his sister's apartment. Appellant told the officers that the credit cards belonged to his sister. The jury was charged on circumstantial evidence. The evidence is sufficient to support their verdict. See Smith v. State, and authorities cited therein, 472 S.W.2d 121 (Tex.Cr.App.1971).

The judgment is affirmed.