MICHELLE CORP., d/b/a Michelle's, Appellant,

v.

EL PASO RETAILERS ASSOCIATION, INC., Appellee.

No. 08–81–00100–CV.

Court of Appeals of Texas, El Paso.

Dec. 30, 1981.

Guevara, Rebe & Baumann, Sal Rebe, Juan Carlos Garay, El Paso, for appellant.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, Frank Feuille, IV, Stuart R. Schwartz, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and SCHULTE, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This appeal arises from the granting of a temporary injunction in favor of Appellee El Paso Retailers Association, Inc., against Appellant Michelle Corp., d/b/a Michelle's, prohibiting Appellant from selling certain merchandise on both the two consecutive days of Saturday and Sunday. We affirm.

Appellee brought this action against Appellant under Article 9001 of Tex.Rev.Civ.Stat.Ann., referred to as the "Texas Blue Laws" or "Sunday Closing Laws." Article 9001, Tex.Rev.Civ.Stat. Ann., as it presently exists, reads in pertinent part as follows:

> Section 1. Any person, on both the two (2) consecutive days of Saturday and Sunday, who sells or offers for sale or shall compel, force, or oblige his employees to sell any clothing; clothing accessories; wearing apparel; footwear; headware; home, business, office or outdoor furniture; kitchenware; ... shall be guilty of a misdemeanor. Each separate sale shall constitute a separate offense.

> Sec. 2. Nothing herein shall apply to any sale or sales for charitable purposes or to items used for funeral or burial purposes or to items sold as a part of or in conjunction with the sale of real property ...

> Sec. 5. Occasional sales of any item named herein by a person not engaged in the business of selling such item shall be exempt from this Act.

Appellant contends that the Appellee, as Plaintiff, had the burden to prove every element of the offense under Article 9001, and that that burden included proof that the exclusionary provision under Section 2 above did not apply. With that, we are unable to agree. We interpret the statute as requiring the Defendant to prove that its sales came under one of the exceptions provided in Section 2. Simplified, the prohibition of the statute is that sales of enumerated items shall not be made on both Saturday and Sunday. Proof of that completes the Plaintiff's case. All elements of the cause of action being established, there is nothing more required of the Plaintiff.

The violation is complete unless the Defendant brings itself within one of the exceptions. Escape from that complete case against it may be established by proof that such sales were for charitable purposes, funeral or burial purposes or in conjunction with the sale of real property. There is no contention that Appellant made such proof here. Under Section 2, the Defendant may thus establish an excuse or justification, but it is his burden to do so and not part of the Plaintiff's case in chief.

An uninterrupted line of cases hold that the burden of proof is upon a defendant to establish a statutory exclusion of liability. *Williams v. State*, 514 S.W.2d 772 (Tex.Civ.App.—Beaumont 1974, writ ref'd n.r.e.); *see: Spence v. Fenchler*, 107 Tex. 443, 180 S.W. 597, at 607 (1915). 2 McDonald, *Texas Civil Practice, Pleadings*, sec. 7.34.2 (1970 rev.). Section 2 falls within the definition of an affirmative defense in that it is an excuse or justification independent of the elements of the offense. 28 Baylor L.Rev. 120 (1976). The rule applies likewise to criminal cases that it is incumbent upon the defendant to bring himself within the exception to a penal statute. *Davis v. State*, 167 Tex.Cr.R. 109, 318 S.W.2d 668 (1958).

Whether to grant or deny a temporary injunction lies within the sound discretion of the trial Court, and we find no abuse of that discretion in this case. All points of error have been considered and all are overruled. The judgment of the trial Court is affirmed.