**MICHELLE CORPORATION, d/b/a Michelle's, Appellant,**

v.

**EL PASO RETAILERS ASSOCIATION, INC., Appellee.**

No. 08-83-00063-CV.

Court of Appeals of Texas, El Paso.

Aug. 15, 1984.

Bruce J. Ponder, El Paso, for appellant.

Stuart R. Schwartz, Scott, Hulse, Marshall, Feuille, Finger & Thurmond, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an appeal from a final judgment granting a permanent injunction under the provisions of Tex.Rev.Civ.Stat.Ann. art. 9001 (Vernon Supp.1984). This Court has previously affirmed the granting of temporary injunctive relief in this case, *Michelle Corp. v. El Paso Retailers Association, Inc.*, 626 S.W.2d 615 (Tex.App.—El Paso, 1981, no writ), and also denied Appellant's habeas corpus challenge to his criminal prosecution for the same offense, *Ex parte Robbins*, 661 S.W.2d 740 (Tex.App.—El Paso 1983, no pet.). We affirm.

The due process and equal protection issues raised in Points of Error Nos. Four and Five were adequately addressed in the above-cited habeas corpus case. For the same reason stated in that opinion, we overrule these points of error.

In Points of Error Nos. One and Two, Appellant complains of denial of his motion for summary judgment based upon his affirmative defense of charitable purpose sale and of the unconstitutionally vague wording of the defense in subsection (2) of the statute.

Although not pled as an affirmative defense in accordance with Tex.R.Civ.P. Rule 94, the issue was tried by consent. The uncontested evidence reflects that Appellant sold prohibited items on consecutive Saturdays and Sundays and donated twenty-five percent of his net profit to bona fide charities. Point of Error No. One contends that this established the affirmative defense. Point of Error No. Two alternatively alleges that if this does not establish the affirmative defense, then the statute is unconstitutionally vague in failing to adequately define the minimum charitable donation which would characterize a sale as being for charitable purposes.

Nothing in the statute suggests that the affirmative defense may be founded upon a proportional division of sales profits between charitable donation and personal gain. The statute's clear language indicates that the exclusive motivation for the sale or sales must be charitable. The seller may of course deduct immediate overhead costs from his gross proceeds. He may also retain a portion of the proceeds to support the future conduct of charitable sales. The net profit, however, must be devoted to charity to qualify for exemption from the statute's proscriptions or to establish an affirmative defense to civil and criminal proceedings. Points of Error Nos. One and Two are overruled.

In Point of Error No. Three, Appellant contends that the statute is violative of due process in that the descriptive catego-

ries of merchandise not to be offered for sale on consecutive Saturdays and Sundays are too vague to adequately apprise prospective sellers of what conduct is prohibited and what conduct is not. Primary reliance is placed upon the Arkansas Supreme Court opinion in *Handy Dan Improvement Center v. Adams*, 276 Ark. 168, 633 S.W.2d 699 (1982). We find our statute distinguishable from that struck down in *Handy Dan*. While some of the fourteen descriptive phrasings utilized in Ark.Stat. Ann. sec 41–3853(2) (Repl.1977) are the same or similar to those appearing in Article 9001, sec. 1, our statute presents forty-three categories of proscribed merchandise, with greater specificity. In *Handy Dan*, the defendant presented evidence of the confusion which arose on a regular basis in good-faith efforts to determine what merchandise could be sold in compliance with the statute. The trial defense in the present case offered no such evidence and focused on the alleged irrationality of the distinction in merchandise drawn by the statute, denial of equal protection and rebellion or defiance toward the statute. Appellant's brief does not even bother to address specific descriptions which are offensively vague. In arriving at its decision, the Arkansas Supreme Court postulated several unresolved situations in which it could not be determined whether a certain item fell within a proscribed category. *Handy Dan*, 633 S.W.2d at 702. Without exception, the examples arose in categories where the Texas statute differs from the Arkansas legislation. Whether a toy drum should be characterized as a prohibited musical instrument or a permissible toy does not matter under Article 9001. Further, Arkansas society notwithstanding, even in West Texas paper plates are not considered "china." We find the descriptive categories contained in Article 9001 to be sufficiently precise to permit a prospective seller to comply with the law. Point of Error No. Three is overruled.

We affirm the judgment of the trial court.